## The Iowa News Co. v. Harris et al.

1. **Board of Supervisors:** SELECTION OF OFFICIAL NEWSPAPERS: CERTIORARI TO REVIEW. The proprietor of a newspaper has no such interest in the selection by the board of supervisors of the official papers of the county as to enable him to maintain an action of *certiorari* to review the proceedings of the board in making the selection, to the end that his own paper may be selected as one of such papers; and this, even though his paper be one of the two having the largest circulation in the county. See *Welch v. Supervisors*, 23 Iowa, 199; *Smith v. Yoram*, 37 Id., 89.

*Appeal from Fremont Circuit Court.*

THURSDAY, DECEMBER 13.

THE defendants constitute the board of supervisors of Fremont county. The plaintiff applied for a writ of *certiorari* to test the legality of the proceedings of the board in selecting the Sidney Union Advocate and Farragut News as the official papers of Fremont county. The plaintiff averred in its petition that it is a corporation resident in Fremont county, and publishes the Iowa State News, a weekly paper in said county, and that its paper has a larger circulation than the papers selected. The plaintiff also averred several acts which it alleges are illegal.

The defendants demurred to the petition upon the ground, among others, that the petition showed no such interest on the part of the plaintiff as to entitle it to the writ. The court sustained the demurrer and rendered judgment for defendant for costs. The plaintiff appeals.

*Stow & Hammond*, for appellant.

*Draper & Thornell*, for appellees.

ADAMS, J.—The plaintiff does not aver that its paper is one of the two county papers having the largest circulation.

It does, it is true, aver that its paper "by law was entitled to be selected." But this is an averment of a legal conclusion. Besides, it appears to us that, even if the plaintiff had averred that its paper was one of the two papers having the largest circulation, it would not have shown such interest in the matter that it could be held to be entitled to the writ. The public might suffer from the wrongful action of the board, but we are not able to see that the plaintiff would, unless we could presume that the compensation allowed would be over-compensation, and that we could not do. The question presented appears to have been disposed of in *Welch v. The Board of Supervisors*, 23 Iowa, 199, and *Smith v. Yoram*, 37 Id., 89. In our opinion the court did not err in sustaining the demurrer.

AFFIRMED.