STATE OF MINNESOTA *ex rel.* Joseph K. Mansfield *vs.* MAYOR OF THE CITY OF ST. PAUL.

November 11, 1885.

**Certiorari—St. Paul—Revocation of Auctioneer's License.**—The mayor of St. Paul has no authority to revoke an auctioneer's license. His action in assuming so to do is neither judicial nor *quasi* judicial, and hence (following *In re Wilson*, 32 Minn. 145) *certiorari* will not lie to review it.

*Certiorari.* Upon the respondent's motion to quash the writ, the following opinion was filed.

*C. W. Bunn*, for relator.

*W. P. Murray* and *T. D. O'Brien*, for respondent.

BERRY, J.  *In re Wilson*, 32 Minn. 145, in effect holds that judicial or *quasi* judicial acts *only* of municipal officers can be reviewed upon *certiorari*. The act sought to be reviewed in this case is that of the mayor of the city of St. Paul, purporting to revoke an auctioneer's license issued by the city authorities to the petitioner.

The city charter (chapter 4, section 3, Mun. Code, St. Paul) authorizes the common council "to license and regulate all auctioneers," and to "at any time revoke any license granted under this act for malconduct in the course of trade." As the charter contains no other provision for the revocation of licenses, this one is exclusive; and, as the council cannot delegate the authority thus delegated to it, (*In re Wilson, supra*,) it cannot, by ordinance or otherwise, confer the power of revocation upon the mayor. The mayor's attempted revocation in this instance, though pursuant to an ordinance, was therefore unauthorized and void. The attempted revocation was not, however, a judicial or *quasi* judicial act. The subject-matter of revocation of auctioneers' licenses was not, in any respect or in any circumstances, within his official jurisdiction. He had no authority of any nature in matters of that kind. His act of attempted revocation, though doubtless well intended, was a clear usurpation. It was therefore not only not judicial or *quasi* judicial, but not even official.

Hence *certiorari* will not lie to review it.    *Locke* v. *Selectmen of Lexington*, 122 Mass. 290, appears to be precisely in point. There, Chief Justice Gray, speaking of an unauthorized act of the selectmen, which, if authorized, would have been of a judicial nature, says: "It is not a case of excess of jurisdiction by a court legally established, but a case of no jurisdiction and no court."    And upon this ground the writ of *certiorari* prayed for was refused. See, also, *Ewing* v. *City of St. Louis*, 5 Wall. 413; *Wood* v. *Peake*, 8 John. 54; *In re Daws*, 8 Adol. & El. 936; *People* v. *Covert*, 1 Hill, 674. The respondent's motion to quash the writ issued in this case must be granted.

Writ quashed.