DARLING v. BOESCH ET AL.   (TWO CASES.)

1. **Intoxicating Liquors**: GRANTING PERMIT BY SUPERVISORS: REVIEW OF PROCEEDINGS BY CERTIORARI. Under the provisions of § 1530 of the Code, any resident of the county may appear and show cause why a permit to sell intoxicating liquors should not be granted to an applicant therefor; and a resident of the county who thus becomes a party to such proceeding is entitled to have the proceedings reviewed on *certiorari*, in a proper case, notwithstanding he has no pecuniary or property interest that is affected by the action of the board. *Welch .v. Board of Supervisors*, 23 Iowa, 199, and other similiar cases, distinguished.

ROTHROCK, J., *dissenting.*

2. ———: ————: WHAT QUESTIONS CONSIDERED. The decision of a board of supervisors on questions of fact involved in a proceeding cannot be reviewed on *certiorari*. (*Tiedt v. Carstensen*, 61 Iowa, 334.) And so a court cannot review the finding of the board on the question of the good moral character of an applicant for a permit to sell liquors, or as to whether the granting of the permit was necessary for the accomodation of the neighborhood; but where the complaint is that the board acted without any certificate of good moral character being presented to the county auditor, as required by law, a question of jurisdiction is raised, which is proper to be considered on *certiorari*.

3. **Legislation**: APPROVAL OF GOVERNOR: WHEN NECESSARY: REPEAL OF CODE, § 1527. Under § 16 of Article 3 of the constitution, bills which are presented to the governor within the last three days of a session of the general assembly, and which he neither signs, nor returns with objections, before the adjournment, become laws only in case he subsequently approves them. It is not sufficient that he return the bill within thirty days after the adjournment without his approval. Accordingly, a bill passed by both houses of the Nineteenth General Assembly, repealing § 1527 of the Code, which requires an applicant for a permit to sell intoxicating liquors to present to the county auditor a certificate of good moral character, *held* never to have become a law, and that the section was not thereby repealed.

*Appeal from Des Moines Circuit Court.*

TUESDAY, DECEMBER 15.

THESE causes involve the same questions, were submitted

on the same abstract, and will be disposed of in one opinion. Plaintiff is a citizen and a resident of Des Moines county, and defendants are the members of the board of supervisors of said county. George Bandleon and John Kneuzler made application to the board of supervisors for permits to manufacture, buy and sell intoxicating liquors in said county. At the time appointed for the hearing of said applications plaintiff appeared and showed cause why such permits should not be granted. The board, however, granted the permits. Plaintiff then instituted these suits, and he alleges in his petitions that the board of supervisors acted unlawfully, and exceeded its jurisdiction in granting said permits, for the following reasons: (1) That the applicants therefor did not first procure and present to the county auditor certificates signed by a majority of the legal electors of the township, town or ward in which they desired to sell intoxicating liquors, setting forth that they were citizens of the county, and men of good moral character, and proper persons to manufacture, buy and sell such liquors. (2) That said applicants were not proper persons to receive such permits; that they were saloon-keepers, and had been constantly engaged in the business of keeping saloons and selling intoxicating liquors in violation of the laws of the state since their applications were filed. The prayer of the petition is that a writ of *certiorari* issue commanding the defendants to certify to the circuit court a transcript of the records and proceedings in reference to said applications and the granting of said permits. The circuit court sustained demurrers to the petition, and from these orders plaintiff appeals.

*Newman & Blake*, for appellant.

*Hall & Huston*, for appellees.

REED, J.—I. One of the grounds of demurrer is that "plaintiff has no right or interest that entitles him to call

**1. INTOXICAT-ING liquors: granting permit by supervisors : review of proceedings by certiorari.** for the writ. He has no property interest or office that is affected." The general rule undoubtedly is that an action of *certiorari* or *mandamus* cannot be maintained for the correction of irregularities or errors in the proceedings of the board of supervisors·by one having no pecuniary interest in the proceedings. This has been repeatedly held by this court. See *Welch v. Board of Supervisors*, 23 Iowa, 199; *Smith v. Yoram*, 37 Id., 89; *Iowa News Co. v. Harris*, 62 Id., 501. But, in our opinion, the present case is not governed by that rule. Section 1530 of the Code is as follows: "At such final hearing, any resident of the county may appear and show cause why such permit should not be granted, and the same shall be refused, unless the board shall be fully satisfied that the requirements of the law have, in all respects, been complied with; that the applicant is a person of good moral character; and that, taking into consideration the wants of the locality and the number of permits already granted, such permit would be necessary and proper for the accommodation of the neighborhood." Under this provision, the board is required at the final hearing of the application to determine these questions: (1) Whether the requirements of the law have been complied with; (2) whether the applicant is a person of good moral character; and (3) whether the permit is necessary for the proper accommodation of the neighborhood. In determining these questions the board exercises judicial functions.

The section also permits any citizen of the county to appear at the hearing, and show cause why the permit should not be granted. In resisting the granting of the permit, he may make a showing with reference to either of the questions which the board is required to determine. He may introduce evidence to negative either of the facts which the statute provides must be proven before the permit shall be granted. He, in effect, becomes a party to the proceeding. He has the right to call and examine witnesses, and to intro-

duce documentary evidence on the hearing. He is allowed
to do this, not because he has any pecuniary interest in the
proceeding, but because, as a resident of the county, he is
interested in the faithful execution of the laws within the
county. As a citizen of the county he has the right to
demand that permits to sell intoxicating liquors shall be
granted only to persons of good moral character who have
fully complied with the requirements of the law, and when
they are necessary for the proper accommodation of the
the neighborhood; and the statute, recognizing his right in
this respect, permits him to become a party to any proceed-
ing for the granting of a permit, and to resist the applica-
tion. As the law permits him to become a party to the pro-
ceeding, and recognizes in him such interest and right as
entitles him to become a party, it follows necessarily, we
think, that he is entitled to have the proceeding reviewed,
and the errors and irregularities therein corrected, by the
mode prescribed by law for the correction of errors and
irregularities in such proceedings. His right to maintain the
actions, then, does not depend upon whether any property
interest of his is affected by the proceeding, but upon the fact
that he was allowed to become a party to it.

II. Another ground of the demurrer is that " the appli-
cation is too general, and would require the court to try the
facts instead of the lawfulness or regularity of
2. —: ——:
——: what
questions the action of the board." The decision of the
considered. board on the questions of fact involved in the
proceeding cannot be reviewed on *certiorari*. *Tiedt v. Cars-
tensen*, 61 Iowa, 334. Under this rule the court could not
review the finding of the board on the question of the good
moral character of the applicant, or as to whether the grant-
ing of the permit was necessary for the accommodation of
the neighborhood. The writ of *certiorari* is granted when
the inferior tribunal, board or officer is alleged to have
exceeded his proper jurisdiction, or is otherwise acting ille-
gally; (Code, § 3216;) and it cannot be said that the board

has acted unlawfully because it erred in the determination of
a question which it was required to determine in the pro-
ceeding. In the present case the complaint is, not that the
board wrongly determined that a sufficient number of elect-
ors had signed the certificate, but that it granted the permit
without any certificate having been presented to the county
auditor. Appellees contend that there is now no statute in
force requiring the applicant for a permit to sell intoxicating
liquors to present such certificate to the auditor.

In 1882 a bill was passed by the two houses of the gen-
eral assembly which contained a provision repealing section
1527 of the Code. This bill was presented to
the governor for his approval during the last
three days of the session of the general assembly,
but he did not sign it. Within thirty days after
the adjournment, however, he deposited it in the office of the
secretary of state, but filed no objection to it. Counsel for
appellees contend that this bill became a law. Their argu-
ment is that the only powers with reference to legislation
with which the governor is vested is the negative power of
veto; and that, while he may by the exercise of that power
prevent a bill which has been passed by the general assem-
bly from becoming a law, his assent or approval is not
required before it can become a law. The provisions of the
constitution with reference to this subject are found in sec-
tion 16 of article 3 of that instrument. It is there provided
that every bill which shall have passed the general assembly
shall, before it becomes a law, be presented to the governor;
and that if he approves it he shall sign it, but that if he does
not approve it he shall return it with his objections to the
house in which it originated, and that it shall then be recon-
sidered by the general assembly, and that, if it shall again
pass both houses by a majority of two-thirds of the members
of each house, it shall become a law notwithstanding the gov-
ernor's objection. The section also contains the following
provision: " If any bill shall not be returned within three

*3. LEGISLA-
TION: ap-
proval of gov-
ernor: when
necessary:
repeal of
Code, § 1527.*

Darling v. Boesch et al.

days after it shall have been presented to him, (Sunday excepted,) the same shall be law in like manner as if he had signed it, unless the general assembly, by adjournment, prevent such return. Any bill submitted to the governor for his approval during the last three days of a session of the general assembly shall be deposited by him in the office of the secretary of state within thirty days after the adjournment, with his approval, if approved by him, and with his objections, if he disapprove thereof." There can be no doubt, we think, as to the effect of these provisions. Under them the governor has three days after the bill is presented to him within which to approve it or return it with his objections. If he approves it within that time, it becomes a law; if he neither signs it nor returns it with his objections within that time, it becomes a law in like manner as if he had signed it, "unless the general assembly by adjournment prevent such return." This latter provision is clearly a negative provision. It creates an exception to the rule established by the preceding provision. It provides, in effect, that bills which have been presented to the governor within the last three days of a session of the general assembly, and which he neither signs nor returns with objections before the adjournment, become laws only in case he subsequently approves them. This, we think, is the necessary effect of the language of the provisions. It follows, therefore, that section 1527 has not been repealed; and the board of supervisors acted illegally in granting the permits without the certificates required by it having been presented to the auditor. The judgment of the circuit court will be reversed, and the cause remanded for further proceedings in that court.

REVERSED.

ROTHROCK, J., *dissenting.*—I cannot assent to the first point in the foregoing opinion. The statute authorizes any resident of the county to appear and show cause why a permit should not be granted, but it does not authorize him to

institute an original action to amend the acts of the board of supervisors. I think that when he has had an opportunity to be heard before the board his right to make further contest is at an end. Without authority conferred by statute, he can have no standing in any court, because he has no such interest in the matter as confers upon him any right to institute an action.