## W. H. COLLINS *v.* A. K. BARRIER ET AL.

1. APPEAL. *Board of supervisors. Liquor license. Counter-petitioners.*
    Signers of the counter-petition to a petition for license to retail liquors have a right to appeal to the circuit court from a decision of the board of supervisors granting such license.

2. LIQUOR LICENSE. *Counter-petition, whether general or special. Case in judgment.*
    A counter-petition which prays that license to retail liquors be not granted "to C. or M. (or to any one else within the next twelve months)" is not bad as against C. because of being general, for as to him and M. it is particular, though general as to others not named.

3. LIQUOR LICENSE. *Petitions therefor differing materially. Combining names of signers. Case in judgment.*

C. circulated several petitions for license to retail liquors, the headings of which differed materially. After the names were signed, he selected one and appended thereto the names which had been signed to the other petitions, erasing the headings of the latter. The combined list of names was a majority of the voters as required by law. But no one of the petitions was signed by such majority. The board of supervisors granted C. license to retail liquors. *Held*, that it was error to grant license on such a petition.

APPEAL from the Circuit Court of Yazoo County.

HON. T. J. WHARTON, Judge.

W. H. Collins, desiring to retail liquors in "beat one, Yazoo County," prepared six petitions, the headings to which differed materially. These several petitions were circulated in different parts of the beat and signatures received to them. Before they were presented to the board of supervisors the petition the heading to which conformed most nearly to the requirements of the statute, was selected, and the names which been signed to the other petitions annexed to it, the headings to these latter petitions being stricken out. This done, the petition as presented to the board of supervisors showed a majority of fifteen of the legal voters of the beat in favor of licensing Collins. But no one of the several petitions contained the names of a majority of such voters.

When this petition of Collins came up for action before the board, counter-petitions, signed by A. K. Barrier and many others, were presented. These counter-petitions were in the following language:

"We, the undersigned voters of beat No. 1, Yazoo County, Miss., pray your honorable body not to grant license to W. H. Collins or L. D. Manor (or any one else within the next twelve months) to retail vinous or spirituous liquors in less quantities than a gallon in beat one, Yazoo County, Miss."

The board rejected the counter-petitions on the ground that they were general and not special, and after comparing the petition made up as above set out with the registration books of beat one, granted license to W. H. Collins. A. K. Barrier, and others, signers of the counter-petitions, excepted to this action of the board and appealed to the circuit court, where the order of the board was reversed and

the license granted to Collins revoked.  Collins appealed to this court.

*D. R. Barnett*, for the appellant.

1. There is no provision of law that gives any citizen a status in such cases except by counter-petition, and it would seem that the rights of a citizen would be limited to matters arising out of the counter-petition alone.

An applicant for license can obtain his license only by pursuing the course presented by the statute, and I submit that no one has a right to object to the granting of a license unless he obtains a foothold in court by a proper counter-petition.  The only interest that such person has is that he has become a party to the record by a counter-petition, and that as a party to it he should have the right to defend it when it is attacked, or to an appeal when it is improperly rejected.

2. Did the board act properly in rejecting the counter-petition?

The counter-petition contemplated by the statute must be aimed directly at the applicant, the signers must in effect say that they do not wish the applicant to have a license.  With the caption that was used how many of the signers thereto can it be said opposed the granting of a license to Collins individually?  How many were induced to sign the same because they construed it (which was proper) to be a petition against the granting of any licenses whatever in beat one of Yazoo County?  The board of supervisors could not determine this, and yet it was necessary for this to be done before the petition as a counter-petition could be given any effect.

*Hudson, Hudson & Holt*, for the appellees.

1. The petition should have been rejected, except as to the names contained in the first petition, admitting for the sake of argument that it was correct, and the action of the court below would have been right, as the whole petition combined only had a majority of fifteen names, and the one correct petition having but a few names comparatively.

2. The counter-petition was directed at appellant specially, and the words in parentheses could not take from it that character, even

admitting that it was the intention and purpose of appellees to use it as a general petition in case it received sufficient signers. It refers specially to Collins by name.

3. But whether it was a general or special counter-petition, whether it had a majority of the voters or not, it was on file, and it entitled appellees to appear through it and object to the petition and appeal from the action of the board of supervisors.

CAMPBELL, J., delivered the opinion of the court.

The signers of the counter-petitions had the right to appeal from the action of the board of supervisors.

The counter-petitions were improperly rejected by the board. That they petitioned that license should not be granted " to W. H. Collins or L. D. Manor (or to any one else within the next twelve months) " was not a valid objection. The petitions were both particular (as to those named) and general, and should have been so treated. Even after rejecting the counter-petitions the board should not have granted license, because it did not appear that a majority of the legal voters required had signed the required petition. It does appear that a majority had signed six petitions, and all the names on all of them constituted a majority, but the petitions were not duplicates and differed materially from each other, and it was not allowable to append the names signed to one to another different in terms.

Doing this was necessary to reckon a majority as petitioners for license, but it was a wrong to the voters, who might have been unwilling to sign the petition to which their names were appended.

*Affirmed.*