STATE OF MINNESOTA *ex rel.* George Holden *vs.* VILLAGE OF LAM-- BERTON.

October 15, 1887.

**Certiorari—Recanvassing of Votes by Village Council.**—The action of a village council in recanvassing the votes cast three months before, at an election under the local-option law, (such recanvassing not being a part of the election proceedings,) is wholly unauthorized and without effect, and the writ of *certiorari* will not be allowed for the purpose of bringing it up for review.

**Same.**—The granting of a license by a village council to sell intoxicating liquor is not an act of a judicial character for which such a writ will be granted.

**Same—Acts of Public Officers.**—Courts will not review the action of public officers at the suit of an individual who has no peculiar interest therein.

*Certiorari,* to review the proceedings of the council of the village of Lamberton, in Redwood county, in recanvassing the votes cast at an election under the local-option law. Upon the return the respondent moved to quash the writ.

*Geo. W. Somerville,* for relator.

*J. M. Thompson,* for respondent.

DICKINSON, J. It is sought by means of the writ of *certiorari* to bring here for review the alleged unauthorized and illegal action of the village council of the village of Lamberton, in recanvassing the votes cast at the general village election in March, 1887, upon the question whether licenses should be granted for the sale of intoxicating liquors; and in the granting of such licenses, contrary to the vote of the people at that election. It is alleged in the petition that the village council, without jurisdiction or authority so to do, recanvassed the vote in June following the election; and having then rejected, as illegal, one vote which had been cast "against license," declared the vote to be a tie, and hence not opposed to the granting of licenses. Thereupon licenses were granted.

These facts shown by the relator's petition do not, upon his own theory as to the powers of the respondents, present a case for the

granting of this writ. The relator claims the act of the council in recanvassing the votes, and redetermining the result of the election, to have been wholly without authority of law; and the return more fully shows this to have been the case. Whether the council had authority at any time, and as a part of the election proceedings, to canvass the votes, and declare the result of the election, we do not consider. The act complained of was not such a proceeding. Upon the application of certain persons for license, some three months after the election, a hearing was had before the council, at which they assumed to investigate and determine the legality of a certain vote, and thereupon to determine that the result of the election was different from that which had been before declared. This was a mere usurpation of authority, and wholly without legal effect. As determined in *State* v. *Mayor of St. Paul,* 34 Minn. 250, (25 N. W. Rep. 449,) the writ of *certiorari* will not be granted for the purpose of reviewing such nugatory proceedings. The act of the council in granting a license was not of a judicial character, and therefore will not be reviewed under this writ.

There is a further reason why the writ should be quashed, in that the relator has no peculiar interest in the matter in question. It is not enough that he is a resident and tax-payer in this village. In general, courts will not review and correct the official action of public officers at the suit of private individuals who have no peculiar interest therein, nor will they be allowed to sue out such writs as this for that purpose. *Conklin* v. *County of Fillmore,* 13 Minn. 423, (454;) *Smith* v. *Yoram,* 37 Iowa, 89; *Iowa News Co.* v. *Harris,* 62 Iowa, 501, (17 N. W. Rep. 745;) and see *Darling* v. *Boesch,* 67 Iowa, 702, 704, (25 N. W. Rep. 887.)

The respondents' motion to quash the writ is granted.