Rhode Island Society for the Encouragement of Domestic Industry vs. Town Council of Cranston.

21  577
22  325

PROVIDENCE—OCTOBER 4, 1890.

Present : Durfee, C. J., Matteson and Stiness, JJ.

(1)  *Certiorari. Pleading and Practice. Remonstrance of Owners of Land within 200 feet against granting License for Sale of Intoxicants.*

In computing the land within 200 feet of the building or place for which a license for the sale of intoxicating liquors is requested, under the provisions of Pub. Laws R. I. cap. 816, § 2, providing for the filing of remonstrances by the owners of the greater part of the land so situated, public highways should be excluded.

Petition for a Writ of Certiorari to a town council who had granted a petition for a license to sell intoxicating liquors. According to the plat of the land within two hundred feet of the building for which the license was requested, which was admitted as evidence, the petitioner owned 16,868 feet; Anthony Corcoran owned 17,563; and the Cranston Print Works owned 7,416 feet, a total of 41,847 feet. The total area, exclusive of streets, was 103,052 feet. Inclusive of the area of the streets the petitioners owned a majority of said area. Heard on motion to quash writ, and writ quashed.

Per Curiam.  The court, at the former hearing, in overruling the motion of the respondents to dismiss the petition, recognized the petitioner as a proper party to prosecute the same because of the allegation contained therein that the petitioner, the Cranston Print Works, and Anthony Corcoran were the owners and occupants of the greater part of the land within 200 feet of the building and place for which

the license was requested, and as such owners and occupants had filed their objections with the town council to the granting of the petition. The testimony introduced by the respondents at the present hearing shows that said petitioner, said Print Works, and said Corcoran do not own the greater part of the land within said 200 feet. We are, therefore, of the opinion that the petitioner cannot be regarded as a proper party to prosecute the petition any more than any other person who might see fit to object to the granting of the license could be so regarded. The petition must, therefore, be dismissed.

*Bradley & Angell*, for petitioner.

*George J. West and John Palmer*, for respondent.

---

### OPINION TO THE LIEUTENANT–GOVERNOR.

Under the provisions of section 3 of article X of the constitution of the State, the following opinion of the justices of the Supreme Court was delivered to the lieutenant-governor, as acting governor, October 13, 1898, in the matter of

### REQUISITES OF WARRANTS EOR MEETINGS OF THE ELECTORS.

In calling meetings of the electors for the purpose of voting on a proposition of amendment of the constitution, it is not necessary to include in the warrants the whole of the proposed amendment.

*To His Honor William Gregory, Lieutenant-Governor of the State of Rhode Island and Providence Plantations, Acting Governor :*

In reply to the question submitted by your communication of the 11th inst., permit us to say that our opinion is that it will not be necessary for the town and city clerks to insert in their warrants calling and warning meetings of the electors to be held on November 8th next, to vote on a proposition of amendment to the constitution, the whole of said proposition of amendment, but merely a notice to the effect that "a proposition of amendment to the constitution of the State, entitled 'The Revised Constitution of the State of