L. W. BROWN *v.* GEORGE E. ALDERMAN.

October Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed November 6, 1909.

*Quo Warranto—Private Prosecutor—Competency.*

Neither under P. S. 1973, nor otherwise, has a private citizen, having no different interest than the public at large, the right to prosecute an information in the nature of a *quo warranto* to compel a person to show by what authority he is exercising a license to sell intoxicating liquors.

PETITION for a writ of *quo warranto,* brought to the Supreme Court for Windham County at its October Term, 1909, and then heard on pleadings and testimony taken and filed. See the preceding case.

*Chase & Daley* for the relator.

*R. C. Bacon* for the defendant.

34

WATSON, J. This is a complaint preferred and prosecuted by a private person, in his own name, praying for leave to file an information in the nature of a *quo warranto* against the defendant, commanding him to show by what authority or right he is exercising a license for the sale of intoxicating liquors, at the South Vernon House in the village of South Vernon in the town of Vernon.

It is alleged in the answer and shown by the undisputed evidence that the town of Vernon at its annual meeting in March, 1909, voted that license should be granted for the sale of intoxicating liquors therein, and that the defendant was granted a license by the license commissioners of that town for the sale of such liquors at his said hotel. The contention of the relator is that the village of South Vernon is not the chief village of the town of Vernon, and that the place of sale under the license granted to the defendant is at a point nearer the State line than the chief village in said town, and that therefore the license was granted in violation of the express terms of the statute.

Regarding *quo warranto* proceedings, the statute (P. S. 1973) provides: "The complaint may be preferred and prosecuted by the state's attorney of the proper county, by virtue of his office, either upon his motion, or upon the relation of a private person; or it may be preferred and prosecuted by a person interested in the matter of the complaint and the judgment sought." · Exclusive of authority here given by statute a private person has no right to prefer and prosecute such a complaint in his own name. Whether under this statute he may file a complaint in his own name in any circumstances it is unnecessary now to decide; for if he can, it is only when he has an interest in the matter of the complaint and the judgment sought peculiar to himself aside from the public interest. If the license to the defendant was granted in violation of law, as claimed by the relator, the wrong is exclusively of a public nature involving no grievance to individual rights. The interest of the relator is only the same as that common to every citizen; and the law does not contemplate that a private individual shall be allowed to prefer and prosecute a complaint to redress the wrongs of the State.

Without considering the questions presented in argument therefore, the Court on its own motion will dismiss the complaint with costs to the defendant.