STATE EX REL. A. J. LAMB *v.* D. S. GILLILAN ET AL.

February Term, 1910.

Present:   ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed March 14, 1910.

*Intoxicating Liquors—Certiorari to Board of License Commis-*
   *sioners—Private Relator—Return of Majority—Remon-*
   *strance Against Granting Licenses—P. S. 5119—Construc-*
   *tion.*

On certiorari to a board of license commissioners, the return of a
   majority of the board must be taken as conclusive and acted upon
   as true.

Under P. S. 5119, providing that if the owner of an occupied dwelling,
   located within 25 feet of the room in which an applicant for a
   liquor license proposes to sell intoxicating liquors, files objections
   with the board of license commissioners, or if a majority of the
   property holders on the street where such license is to be exercised,
   and within 400 feet of such room, file written objections, the
   license shall not be granted except by the unanimous decision
   of the board, the remonstrance should be against the application
   of a designated person; and where it was only, "We, the under-
   signed, protest against the licensing of the sale of intoxicating
   liquors on the street on which we hold property, under P. S. 5119,"
   it was but a general protest, which did not affect the power of the
   board to act by a majority.

Generally courts will not review the official action of public officers
   at the suit of private persons who have no peculiar interest therein.

Private persons having no peculiar interest in the fact that a board
   of license commissioners issued a liquor license, cannot sue out
   a writ of certiorari and thereon have a review of the board's
   action, on the ground that it was in violation of law.

PETITION for a writ of certiorari, brought to the Supreme
Court for Franklin County at its February Term, 1910, and then
heard on respondent's motion to dismiss the proceeding. The
opinion states the case.

*Watson & Tillotson* for the respondents.

*Elmer Johnson* for the relator.

Certiorari is often resorted to in this State to review the proceedings of boards or commissioners in laying out highways. *Paine* v. *Leicester,* 22 Vt. 44; *Rockingham & Grafton* v. *Westminster,* 24 Vt. 288; *Woodstock* v. *Gallup,* 28 Vt. 587; *Adams* v. *Newfane,* 8 Vt. 271.

It has been held in other states that certiorari lies to review the proceedings of boards of license commissioners granting and refusing licenses for traffic in intoxicating liquors. Harris on Certiorari, §§34, 739; *Corbett* v. *Duncan,* 63 Miss. 84; *Allen* v. *Board of License Comrs.,* 57 Miss. 163; *Loeb* v. *Ducan,* 63 Miss. 89; *Oshkosh* v. *State,* 59 Wis. 425; 2 Spelling's Extraordinary Relief, §1970.

WATSON, J. This is a petition in the name of the State, prosecuted by the relator A. J. Lamb, for a certiorari directed to the majority of the board of license commissioners in the town of Fletcher to bring up for review the record of their proceedings in granting a license to S. N. Gibbs to sell intoxicating liquors on premises owned and occupied by him in that section of the town known as Binghamville. As to Gibbs being properly made a codefendant because of his interest in maintaining the proceeding here sought to be reviewed no question is raised.

The return shows that the license was granted by a majority of the commissioners. Yet it is contended that the writ should be directed to the full board, and especially so since the dissenting commissioner Carpenter was secretary of the board and it was his duty to keep a record of its doings. The petition alleges that so far and for such time as Carpenter was present at the deliberations of the board he kept a record of its proceedings, and that said record is in the words and figures then following in the petition. The return of the majority of the members states that the records alleged to have been kept by the secretary as set forth in the petition under dates of April 24, 1909, April 30, and May 4, are not true records of the proceedings of the board, but on the contrary the proceedings were in accordance with the allegations of the return and not otherwise.

The view we take of the case renders it unnecessary to decide the question here raised. Let it be either way in law, the rule cannot be affected that the return directed or executed by the majority of the board cannot be contradicted by an assignment of error; it must be taken as conclusive and acted upon as true (See *People ex rel. Lester* v. *Eno,* 176 N. Y. 513, 68 N. E. 868; *State* v. *Manitowoc,* 92 Wis. 546, 66 N. W. 702), and the result will be the same.

It appears from the return made by the majority of the members that the board appointed the 24th day of April, 1909, as a time for public hearing on Gibbs's application at a place named, and gave notice thereof as the law requires; that at the hearing held pursuantly the commissioners had before them two certain writings addressed to the board, the body of one of which was: "We the undersigned protest against the licensing of the sale of intoxicating liquors on the street on which we hold property. Under Sec. 5119 Public Statutes." The paper was signed by the relator and four other persons. The other paper, a remonstrance signed by certain residents of the town, will be adverted to below.

Section 5119 reads: "Said board shall give a public hearing at the time and place designated; and if, at such hearing, the owner of an occupied dwelling located within twenty-five feet of the room in which the applicant purposes to do business, files written objections with said board, or if a majority of the property holders on the street in which such license is to operate, and within four hundred feet of such room, file written objections, the license shall not be granted except by the unanimous decision of the board."

It is contended by the relator that the paper quoted above was signed by a majority of the property holders on the street in which the license to Gibbs was to operate, and within four hundred feet of the room in which he purposed to do business, and consequently by force of this statute, a license could not be granted to him by less than a unanimous board. On the other hand, the defendants urge that this remonstrance is insufficient under the law of that section, because for one reason it is a general protest offering no objection to the particular license for which application was made. We need consider only the latter position if it be sound, and that it is manifest from

the specific character of the steps directed by statute to the granting of a license. By sections 5115-5116 the application, also the notice required to be given for a public hearing thereon, must be definite as to the applicant's name, the class of license applied for, and the premises whereon it is to be used, designating the building or part thereof, and if practicable the street and number; and by section 5119 only owners of occupied dwellings, and holders of property, within the limitations there respectively specified with reference to "the room in which the applicant purposes to do business," are given such right of remonstrance. We are of the opinion that written objections which may thus be filed should be directed to the application of some particular person; and that a general remonstrance, like the one quoted above, against the issuing of a license without regard to any particular applicant or application, and containing nothing more definite as to place than "on the street on which we hold property," is not within the contemplation of the law, and consequently cannot affect the power of the board to act by a majority. *State* v. *Gerhardt,* 145 Ind. 439, 44 N. E. 469, 33 L. R. A. 313; *Cochell* v. *Reynolds,* 156 Ind. 14, 58 N. E. 1029; *Collins* v. *Barrier,* 64 Miss. 21, 8 So. 164.

Property holders within the limitations and provisions of section 5119 are recognized in law as having such an interest, peculiar to themselves, and distinct from the public interest, in the matter of granting permission to sell liquor, that a majority of such property holders, by complying with those provisions, may take away the power of the commissioners to grant such permit other than by the unanimous decision of the board. But unless there be a substantial compliance with the provisions of the statute giving them this authority, such property holders stand no better, and have no other or different interest in the subject-matter, than holders of property not so located, or general remonstrants. *Dexter* v. *Town Council of Cumberland,* 17 R. I. 222, 21 Atl. 347. This holding renders immaterial the other questions raised touching the remonstrance above considered, also the one exactly like it, except as to date and two additional signers, presented to the dissenting commissioner some days later.

Returning to the remonstrance signed by certain residents of the town, and before the licensing board at the public hearing:

that was against licensing the sale of intoxicating liquors in Binghamville, on the ground that it is neither the principal village nor center of population of the town of Fletcher. One assignment of error is based thereon. Whatever may appear of record touching the question here presented, it is not available to the relator if, as argued by the defendants, he has no standing in court for want of interest. No question is made respecting the notice given of the application for a license. And since the relator's standing before the licensing board at the public hearing was not different from that of a general remonstrant, he is not shown to have any interest in the subject-matter of the proceedings other than in common with the general public. Generally courts will not review the official action of public officers at the suit of private individuals who have no peculiar interest therein, nor will they be allowed to sue out a writ like the one here prayed for, for that purpose.

In *Brown* v. *Alderman,* 82 Vt. 529, 74 Atl. 230, the relator, a private person, preferred and prosecuted a complaint in his own name, praying for leave to file an information in the nature of a *quo warranto* against the defendant, commanding him to show by what authority he was exercising a license for the sale of intoxicating liquor at the place named in South Vernon, in the town of Vernon. The relator claimed that South Vernon was not the principal village in that town. It was held that the interest of the relator was only the same as that common to every citizen; that if the license in question was granted in violation of law, the wrong was exclusively of a public nature involving no grievance to individual rights; that exclusive of the authority given by P. S. 1973 a private person has no right to prefer and prosecute such a complaint in his own name; and that if he can do so under the statute in any circumstances, it is only when he has an interest in the matter of the complaint and judgment sought peculiar to himself and aside from that of the public. The doctrine there laid down regarding the necessity of peculiar interest in the relator in order to be allowed to prosecute, and the effect of the absence of such interest, is as applicable here.

Rhode Island has a statute providing that no license shall be granted authorizing the sale of spirituous or intoxicating liquors at any building or place where the owners or occupants

of the greater part of the land within a specified distance of such building or place shall file with the licensing board their objections to the granting of such license.  In the petition of the Rhode Island Society for Encouragement of Domestic Industry for a writ of certiorari (referred to in *Dexter* v. *Town Council of Cumberland,* at page 225), the court held on motion to dismiss that such owner of land was a proper person to prosecute the application.  But when afterwards it appeared that the objections did not embrace the owners of the greater part of the land, no defect of notice being set forth, it was held that the petitioner then stood in no different position from any general remonstrant, and as such he was not a proper person to prosecute. Thereupon the motion to dismiss was granted.  The same ruling was made in *Rhode Island Society for Encouragement of Domestic Industry* v. *Town Council of Cranston,* 21 R. I. 577, 44 Atl. 223.  To the same effect are *Colden* v. *Botts,* 12 Wend. 234; *Cushing* v. *Gay,* 23 Me. 9; *Darling* v. *Boesch,* 67 Iowa, 702, 25 N. W. 887; *Davis* v. *Hampshire County,* 153 Mass. 218, 26 N. E. 848, 11 L. R. A. 750; *Hammond* v. *Worcester County,* 154 Mass. 509, 28 N. E. 902; *Benton* v. *Taylor,* 46 Ala. 388.

In *State ex rel, Holden* v. *Lamberton,* 37 Minn. 362, 34 N. W. 336; *State* v. *Clerk of Middletown,* 24 N. J. L. 124; and *State ex rel. Tollon et al.* v. *Mayor, etc. of City of Hoboken,* 59 N. J. L. 383, 36 Atl. 693, the petitions were severally brought and prosecuted in the name of the state by private persons as relators, as in the case before us, and the same rule was applied.

*Petition dismissed with costs.*