T. H. WRIGHT, ET AL., Appellants, v. BOARD OF SUPERVISORS OF WEBSTER COUNTY, Appellees.

**Intoxicating liquors:** CONSENT PETITION: POLL LISTS. The poll lists from which to determine the sufficiency of a petition of consent to the sale of intoxicating liquor are those of the last election held in the city, whether a regular city election or a general election; those of a school election or for the issuance of bonds of the school district are not contemplated by the statutes, even though the boundaries of the school district may be the same as those of the city.

**Same:** CONSENT OF COUNCIL. Even though a mulct petition of consent has been canvassed and found sufficient, no individual has a right to sell, or keep for sale, intoxicating liquors within the city until the city council has given its consent by proper resolution.

*Appeal from Webster District Court.*—HON. C. E. ALBROOK, Judge.

WEDNESDAY, NOVEMBER 12, 1913.

ACTION in certiorari to determine the right of the board of supervisors of Webster county to use the poll list of the

last preceding city election as a basis for determining the sufficiency of a statement of consent to the sale of intoxicating liquors within the city of Ft. Dodge.  *Affirmed.*

*M. S. Odle* and *E. C. Stevenson,* for appellants.

*Price & Joyce,* for appellees.

GAYNOR, J.—Ft. Dodge is a city of over 5,000 inhabitants. On March 27, 1911, there was held a general municipal election in that city.  On July 24, 1911, there was held a special election for the purpose of passing on the issuance of bonds. On March 11, 1912, the annual school election for the independent school district of Ft. Dodge was held.  On February 21, 1912, after the filing of the poll books in the auditor's office, a petition was circulated for the purpose of procuring the consent of the voters within the city for the sale of intoxicating liquors therein.  On March 18, 1912, the statement of consent was filed in the auditor's office, and notice of canvass given.  On April 13, 1912, the board of supervisors of the county in which Ft. Dodge is situated met in pursuance of the notice, to canvass the petition.  Appellant herein appeared and objected to the use of the poll books of the city election of March 27, 1911, as a basis for determining the sufficiency of the petition of consent, claiming that there were two elections since March 27, 1911, and that therefore the poll books of that election were not competent evidence upon which to base the finding as to the sufficiency of the petition.

Section 2448 of the Code provides as follows: "In any city, . . . of five thousand or more inhabitants, no proceedings shall be maintained against any person who has paid the last preceding quarterly assessment of mulct tax, nor against any premises as a nuisance on account of the sale or keeping for sale therein or thereon, by such person, of such liquors, providing the following conditions are complied with": When "a

1.  INTOXICATING LIQUORS: consent petition: poll lists.

written statement of general consent that intoxicating liquors may be sold in such city, signed by a majority of the voters residing in such city, voting therein at the last preceding election, as shown by the poll list of said election, shall have been filed with the county auditor and shall, by the board of supervisors, at a regular meeting, have been held sufficient, and its finding entered of record, which statement, when thus found sufficient, shall be effectual for the purposes herein contemplated. . . ."

Section 2448 deals with two classes of cities. (1) Cities of 5,000 or more inhabitants. (2) Cities of over 2,500 and less than 5,000. Section 2449 deals with cities and towns of less than 2,500 inhabitants. These sections deal with cities alone, and the purpose and object of these sections is to regulate the traffic in intoxicating liquors within the corporate limits of these cities.

The statutes expressly provide the per centum of the *voters residing within the cities*, consent of which must be secured before there is any right to keep or sell within such limits.

In cities of 2,500 and over, and less than 5,000, there must be filed a written statement of consent that intoxicating liquors may be sold in such city, signed by eighty per cent. of the voters residing in such city, voting at the last preceding election, as shown by the poll list of *said* election.

In the case of cities of 5,000 or over, a written statement of general consent that intoxicating liquors may be sold in such city, signed by a majority of the voters residing in such city, voting therein at the last preceding election, as shown by the poll books of *said* election, must be filed with the county auditor, and canvassed by the board of supervisors.

Section 2449 governs cities of less than 2,500, and, in order that such cities may come within the provisions of law regulating the traffic of intoxicating liquors, a written statement of general consent shall be filed with the county auditor, signed by sixty-five per cent. of all the legal voters

who voted at the last preceding general election, as shown by the poll list of said election, residing within such county and outside the corporate limits of cities having a population of 5,000 or over.

But this petition, to be sufficient, must show that at least a majority of the voters of the township, including the town, have signed the statement of general consent, and this fact is to be determined by a reference to the poll list of the last preceding general election within the county.

This section 2448 deals with cities, and is made for the purpose of regulating and controlling the sale of intoxicating liquors within cities. It refers to no other political subdivision except those therein indicated, and the petition is circulated to secure the consent of those residing in the municipality referred to, and whether the consent is sufficient is to be ascertained by a reference to the poll lists of the last preceding election (held in the city), referred to in the statute, and concerning which the Legislature in the statute is attempting to deal. A school district is a separate and distinct political entity, although in many instances an independent school district covers the same territory as the city. Yet they are distinct. Their elections are distinct, even where they include the same territory. The purposes for which they are created, the objects to be attained by them, are distinct and separate from those rights, duties, and obligations that rest upon the city or town. An independent school district possesses no right, under the statute, to regulate or control, to deny or consent to, the sale of intoxicating liquors within its borders. It has no police power. The object and purpose of its creation and existence is separate and distinct from that of the municipalities referred to in this statute.

It is apparent, from the provisions of this statute, that it was the thought of the Legislature that no liquor should be sold or kept for sale within any such city until the consent of the voters residing in such city was given; that this consent should be indicated by the signing of the name of the voter

to a written statement, consenting to such sale within the city limits. It was the thought of the Legislature, and expressed in the statute, that the voters residing in such city who voted at the last preceding election should alone be competent to sign such petition of consent. This evidently refers to the last preceding election held in the city, whether a regular city election, or at a general election in which the voters participated, and it is apparent that, with such limitations, there must be some way of determining who voted, and therefore who is competent to sign the petition, and so the poll lists of the last preceding election were designated as the proper source of information for determining these facts. The Legislature is dealing with cities and regulating the sale of liquors therein, and therefore, when it speaks of "elections," in section 2448, it refers to those elections held in cities, whether for the election of city officers or a general election, as defined in section 1089 of the Code.

It seems, therefore, that the requirement of the statute is that the one signing a petition of general consent should be a voter residing in the city; that he voted at the last preceding election held in the city, as hereinbefore defined, and the poll list of such election is the proper source of information upon which to base the finding of facts upon this issue. The statute provides that the statement of consent must be signed by a majority of the voters residing in such city, not in the independent school district, not in any political subdivision of the county, but a majority of the voters residing in such city, *voting in such city*, at the last preceding election, as shown by the poll list of said election, whether at a general election, or a regular city election, held in the city for the election of city officers.

This is a fair interpretation of the statute, and of the intent of the Legislature in passing it. When they used the word "election," they evidently referred to elections held in the municipality with which the statute is dealing; held for city purposes, or a general election. They are the voters

within the city; they are the voters at the last preceding election in the city; they are the parties interested in the welfare of the city; they are the parties which the poll books of the election show reside therein and voted thereat.

It is not necessary to settle this controversy that we indulge in speculation as to the meaning of the word "election," or as to its interpretation and application in other matters, for the reason that we are satisfied from a reading of the statute itself that the election therein referred to is the last preceding regular election, held by the city for the election of city officers, or a general election held as defined by section 1089 of the Code.

This becomes more apparent when we consider the provisions of these statutes further, and find that, even after the petition of consent has been canvassed and found sufficient, 2. SAME: consent no individual has a right to sell, or keep for of council. sale, intoxicating liquors within the limits of the city until the city has given him its consent, through its city council, by proper resolution.

Further, it is provided that "the revenue derived from the tax . . . shall be paid into the county treasury," one-half to go to the general county fund, and the remainder to be paid over to the municipality in which the business taxed is conducted.

We are satisfied that the court did not err in holding that the poll list of the last city election, and not the school election, was competent as a basis of canvass, and the action of the court, in dismissing plaintiff's petition, is therefore *Affirmed*. All concur.