NICK HATZ, Plaintiff, v. WM. HUTCHINSON, Judge.

**INTOXICATING LIQUORS:** Consent Petition—Canvass—Certiorari.
1  Certiorari, unless otherwise specifically provided, will only lie to review an excess of jurisdiction or other illegality, and when there is no other plain, speedy and adequate remedy.

PRINCIPLE APPLIED: District court held a liquor consent petition insufficient because of withdrawal of names. *Held,* certiorari would not lie, action of the court being, at best, simply "erroneous" and not "illegal."

**APPEAL AND ERROR:** Intoxicating Liquors—Consent Petition—
2  Canvass—Appeal. An appeal may be taken from the judgment of the district court holding insufficient a petition of consent to sell intoxicating liquors.

*Certiorari from Plymouth District Court.*—HON. WM. HUTCHINSON, Judge.

SATURDAY, DECEMBER 19, 1914.

THIS is a certiorari proceeding in this court to review the action of the defendant as judge of the district court of Plymouth county in certain proceedings pending in such court. The defendant has moved to dismiss the writ and the proceeding.—*Dismissed.*

*Kass Bros.,* for plaintiff.

*Clarence D. Roseberry,* County Attorney of Plymouth County, and *Jno. F. Joseph* and *M. S. Odle,* for defendant.

EVANS, J.—This is an original proceeding commenced in this court against the defendant as a district judge. It is

1. INTOXICATING
   LIQUORS : con-
   sent petition :
   canvass :
   certiorari.

attempted thereby to obtain a review of proceedings had in the district court of Plymouth county, the defendant judge presiding.

As a result of the canvass of a petition of consent to sell intoxicating liquors in Plymouth county, the board of supervisors adjudged the petition to be insufficient. From such order the petitioners appealed to the district court. Upon hearing of the appeal in district court the order of the supervisors was confirmed. Instead of appealing from such order of the district court, the petitioners brought this original proceeding in this court. The defendant has moved to dismiss it because unwarranted under the statute and because the petitioners had a complete remedy by appeal.

We can see no legitimate reason for this procedure. The principal question before the district court was whether certain names should be counted upon the petition or whether they should be deemed as cancelled by withdrawal, the plaintiff contending that the alleged withdrawals were presented too late. There was no lack of jurisdiction in the district court either as to the subject matter or as to the parties before it by appeal of these petitioners from the order of the board of supervisors. No question is raised by either side as to the legality of that appeal. If the court had jurisdiction to hear the appeal it could not avoid the question thus presented to it.

If it had jurisdiction to count the names as a part of the petition, it necessarily had the same jurisdiction to reject them as having been withdrawn. If it be assumed that the petitioners were right in their contention before the district court that the names in question ought to have been counted as part of the petition of consent, the contrary finding by the district court was only an erroneous conclusion and was not an "illegality" in any other sense. The petitioners place special reliance upon the following cases: *Darling v. Boesch*, 67 Iowa 702; *Herrick v. Carpenter et al.*, 54 Iowa 340; *Wright et al. v. Board of Supervisors*, 162 Iowa 82; *Berkey v. Thompson*, 126 Iowa 394. We find no aid for petitioners in the cited cases. The first three all came here on regular appeal from the district court. In the fourth case, it was held that the district court was without jurisdiction to tax costs made in this court. Such question of jurisdiction was properly raised by certiorari proceedings.

In cases of contempt for violation of liquor injunctions, certiorari proceedings brought in this court are proper because expressly provided for by the statute, and because no other method of review is provided. (Code Sec. 4468.)

In this case the petitioners had the statutory right of appeal, which would furnish them a full and adequate remedy

2. APPEAL AND ERROR: intoxicating liquors: consent petition: canvass: appeal.

for the correction of the alleged errors complained of. The motion to dismiss the proceedings must therefore be sustained. *Barry v. District Court*, 167 Iowa 306.—*Dismissed*.

LADD, C. J., WEAVER and PRESTON, JJ., concur.