## J. O. BRYANT *v.* THE STATE.

1. LOCAL OPTION ACT. *Indictment under. Necessary evidence. Case in judgment.*

B. was indicted and convicted for selling liquor in Union county in violation of the local option act, approved March 11, 1886. On the trial there was no evidence to show that such act had ever become operative in Union county. *Held,* that without such evidence a conviction was improper. *Norton* v. *State, ante, 297,* and *Loughridge* v. *State,* Ms. Opinion.

2. SAME. *Practice. Special exception when not necessary. Section 1433, Code of 1880.*

In the case above stated the defendant moved for a new trial, on the general ground that the verdict was contrary to the law and the evidence. *Held,* that the motion should have been sustained, without regard to Section 1433, Code of 1880, providing "that no judgment shall be reversed because

of any error or omission in the case in the court below, unless the record shows that the errors complained of were made a ground of special exception in such court," which does not operate, in any case, to supply proof that the offence charged has been committed.

APPEAL from the Circuit Court of Union county.

HON. W. S. FEATHERSTON, Judge.

J. O. Bryant was indicted under the " Local Option " Act (Acts of 1886, p. 35), for selling liquor in Union county contrary to its provisions. He was tried and convicted. It was not shown on the trial that the act above referred to had ever been put into operation in Union county. The defendant moved for a new trial on the ground that " the jury found contrary to the law and the evidence." The court overruled the motion. The defendant appealed.

*Z. M. Stephens and Strickland & Bates,* for the appellant.

There is not one scintilla of evidence to show that the Local Option Act had gone into effect in Union County ; and on this point alone we rest the case and ask for a reversal. *Loughridge et al.* v. *The State,* Ms. Opinion ; and *Norton* v. *The State,* ante, 297.

*C. L. Bates,* of counsel for the appellant, argued the case orally.

*T. M. Miller,* Attorney General, for the State.

In ordinary criminal cases it is quite as necessary to prove the venue in the county as to prove the main fact, yet if the failure of such proof is not made ground of a motion for a new trial, *specifically* this court will not notice it. *Lea* v. *State,* 64 Miss., 201. Why should not the same principle be applied to this case? If the attention of the lower court had been called to the absence of such proof, it would have granted a new trial. In the absence of such objection it must be presumed here that it was agreed or proved that the election had been held as averred in the indict. ment. Sec. 1433, Code 1880.

The Attorney General argued the case orally.

ARNOLD, J., delivered the opinion of the Court.

The offence of which appellant was convicted is charged to have been committed in violation of the Local Option Act; but

there is no proof whatever of that act having been put into operation in Union county, and in such case no penalty could be imposed, or punishment inflicted, under its provisions. *Norton* v. *The State*, ante, 297; *Loughridge* v. *The State*, Ms. Opinion.

The motion for a new trial, alleging that the verdict was contrary to the law and the evidence, should have been sustained. Sec. 1433 of the Code, to the effect that no judgment shall be reversed, because of any error or omission in the case in the court below, unless the record shows that the errors complained of were made a ground of special exception in such court, does not operate in any case, so as to supply the proof necessary to show that the offence charged has been committed.

*Reversed and remanded.*