Combs vs. The State of Georgia.

In a prosecution under one of the local option laws passed by the legislature, it is not necessary for the State either to allege in the indictment, or to prove before the jury, that such laws are operative in the counties which have adopted them by a vote of the people. They are public local laws, published by authority, and may be judicially recognized without proof.

(a) Where the local option act in question provided for consolidation and return of votes to the clerk of the superior court; that the clerk should announce the result by publication; and that the act should take effect on the day of publication; and also that such notication of the result should be entered on the minutes of the superior court, and should be competent evidence to show when the act took effect; and the judge below had these minutes before him, there was no error in his reading from them and instructing the jury as matter of law as to when the act went into effect. Whether a law is in existence is for the court to say, and not for the jury.

December 12, 1888.

Liquor.　Laws.　Evidence.　Practice.　Before Judge
FAIN.　Catoosa superior court.　March term, 1888

Reported in the decision.

W. H. PAYNE and R. J. McCAMY, for plaintiff in error.

J. W. HARRIS, Jr., solicitor-general, by A. S. JOHNSON,
for the State.

SIMMONS, Justice.

Combs was indicted for selling intoxicating liquors in
the county of Catoosa, "contrary to the laws of said
State," etc.　He pleaded not guilty.　On the trial of
the case, the jury returned a verdict of guilty.　He made
a motion for a new trial, which was overruled by the
court, and he excepted.

The only ground insisted on before us for the reversal
of the judgment of the court below, was the third ground
of the motion, which is as follows:　"Because the court
erred in charging the jury as follows: 'I charge you
that the local option law for Catoosa county is now of
force, and was when the offence in this case is alleged
to have been committed.　I have before me the record
kept by the clerk, in which it is recited that at the elec-
tion held under the provisions of said law, a majority
of the votes cast were for prohibition, and the law be-
came operative in Catoosa county on the 8th day of No-
vember, 1883.'"

The plaintiff in error was indicted under the act ap-
proved September 28th, 1883, which provides that "it
shall not be lawful for any person to sell in any quantity
any spirituous or intoxicating liquors in the county of
Catoosa in this State, and any person violating the pro-
visions of this act shall be deemed guilty of a misde-

meanor, and on conviction thereof, shall be punished," etc., "provided this act shall take effect only on the following conditions, and not otherwise." The act then provides that the ordinary of said county shall order an election, and give notice by publication in a newspaper; that the election shall be held under the general laws governing elections in this State; and that the managers of said election at the different precincts shall make returns from their respective districts, and shall assemble at the court-house to consolidate the votes, and make return of the same, with the tally-sheets and lists of voters, to the clerk of the superior court, whose duty it shall be to file the same in his office and announce the result of said election in a newspaper; and if a majority of the legal votes of said county are for prohibition, then this act shall take effect on the day of the publication of the result by the clerk, and he shall so announce in his notice. The act further provides that, if a majority of the legal votes of said county shall be for prohibition, the clerk of the superior court of said county shall file a copy of said notice issued by him, with his certificate showing the date thereof, in his office, which notice and certificate shall be entered on the minutes of the superior court of said county, and said record or a certified copy thereof shall be competent evidence to show when this act went into effect. Acts 1882–3, p. 613.

Counsel for the plaintiff in error insisted before us that the court erred in giving the above charge, for two reasons: (1) because there had been no evidence introduced before the jury that the law had gone into effect in the county of Catoosa; and (2) because it was an expression of opinion by the court on the facts of the case. We do not think that these exceptions to the charge are well-founded. We do not think that, in a

prosecution under the local option laws passed by the legislature, it is necessary for the State either to allege in the indictment, or prove before the jury, that said laws are operative in the counties which have adopted them by a vote of the people. They are public local laws, passed by the legislature and approved by the governor, and as such would be judicially recognized without proof. Section 3815 of the code declares that "all laws and resolutions of the General Assembly, as published by authority, shall be held deemed and considered public laws, and recognized judicially without proof." This was an act passed by the General Assembly and published by authority, and will therefore be recognized without proof.

But it is argued that, while this may be true, the act itself will be recognized without proof; yet the fact of its having been adopted by a majority of the votes must be submitted to the jury, and it is for the jury to say whether it has been so adopted or not. This act provides that the managers of the election shall consolidate the votes of the different precincts in the county, and make a return to the clerk of the superior court, and that the clerk shall announce the result by publishing the same in a newspaper, and that the act shall take effect on the day of the publication of the result by the clerk. It provides further that this notice shall be entered on the minutes of the superior court, and it shall be competent evidence to show when the act took effect. "Courts are created to administer and enforce the law. Therefore they do and must take judicial cognizance of all laws. Whether the law was in existence is for them to say, just as fully as it rests with them to say whether the indictment is good or bad, or that the evidence to prove the offence alleged is legally admissible or otherwise. To the courts

alone belongs the right of saying whether a statute is in force or not." Slymer *vs.* The State, 62 Md. 237. The law itself having provided that the result of the election should be placed upon the minutes of the superior court, and that that entry should be competent evidence to show when the act went into effect, and the judge below having these minutes before him, there was no error in his reading from said minutes and instructing the jury, as matter of law, as to when the act went into effect. It is the duty of the judge to know the law, especially to know the law of the counties in his own circuit. If he should be ignorant of the local law enacted by the legislature for any county in his circuit, or any county where he may preside, it would be his duty to inform himself of what the law is. If the act of the legislature does not inform him as to when it went into effect, then he can look to the means provided by this act to inform himself. If the act provides that the clerk shall announce the result of the election and place it on the minutes of the court, he may look to that. If the act provides, as many of them do, that the return should be made to the ordinary of the county and he should issue his proclamation declaring the result, then he may look to the proclamation, or have it introduced, if necessary, in evidence before him, but not before the jury. The proclamation of the clerk or ordinary is conclusive that the law has been accepted by the people, and has become effectual as a law. It being conclusive for this purpose, there would be no use or propriety in submitting the matter to a jury, because the defendant would not be allowed to controvert it, and it would be useless to submit any evidence in a criminal case to the jury which the defendant would not be allowed to controvert.

We are aware that the courts in different States have

made conflicting decisions upon this point, but we think that the better line of decisions take the same view that we do in this case. Slymer *vs.* The State, *supra ;* Mackin *vs.* State, 62 Md. 244; Jones *vs.* State, 67 Md. 256 ; Crouse *vs.* State, 57 Md. 327 ; Wilson *vs.* State, 35 Ark. 414; Funk *vs.* State, 27 Minn. 318.

. *Contra :* Hailes *vs.* State, 9 Texas Court of Appeals, 170 ; Hays *vs.* State, 78 Mo. 600 ; Grider *vs.* Tally, 77 Ala. 422 ; Bryant *vs.* State, 65 Miss. 435, 4 South. Rep. 243.

Judgment affirmed.