[Decided June 29, 1893.]

## BECKER *v.* MALHEUR COUNTY.

[S. C. 33 Pac. Rep. 543.]

WRIT OF REVIEW—BOARD OF EQUALIZATION—INFERIOR TRIBUNALS—PRESUMPTION OF REGULARITY.— The proceedings of a board of equalization, after it has acquired jurisdiction of a taxpayer, will not be set aside on writ of review because the record does not contain the evidence on which its findings of fact were based, unless it affirmatively appears in the record that the evidence was insufficient to sustain them. This is in pursuance of the rule that when inferior tribunals have once acquired jurisdiction every presumption exists in favor of the regularity of their proceedings.

Baker County: MORTON D. CLIFFORD, Judge.

Plaintiff appeals. Reversed.

*Olmstead & Courtney,* for Appellant.

*C. A. Johns,* for Respondent.

MR. JUSTICE BEAN delivered the opinion of the court:

This is an appeal from a judgment of the circuit court reversing and annulling on a writ of review the action and proceedings of the board of equalization of Malheur County in the matter of the assessment of the plaintiff's property for the year 1891. From the record it appears that on an examination of said assessment as returned by the assessor it satisfactorily appeared to the board of equalization that not all his property assessable in said county had been assessed, and that for the purpose of avoiding taxation, he had claimed and had been allowed a

deduction for an indebtedness of six thousand dollars as due and owing to the First National Bank of Baker City. A citation was thereupon issued and duly served upon him to appear before the board on the fifth day of September, 1891, and show cause, if any he had, why his assessment should not be corrected, and the sum of six thousand dollars claimed by him as indebtedness should not be disallowed and stricken out. The plaintiff appeared in person and by counsel at the time and place named in the notice, and objected to the board increasing the assessment of his property, or doing any act in the premises. This objection, the ground of which is not disclosed by the record, was overruled, and the board proceeded to hear the testimony of witnesses concerning the matter, and found that said indebtedness ought not to have been allowed, and that plaintiff was the owner of two hundred and fifty head of cattle, of the value of three thousand dollars, which had not been listed by the assessor, and thereupon ordered the claimed indebtedness for six thousand dollars to be stricken out, and the two hundred and fifty head of cattle to be added to the list of plaintiff's assessable property for the year 1891.

It thus appears that the only question on this appeal is whether the proceedings of a board of equalization, after it has acquired jurisdiction of the taxpayer, will be set aside and annulled on writ of review because the record does not contain the evidence on which its findings of fact were based. There is no provision of law of which we are aware making it the duty of the board to reduce to writing or preserve the evidence before it in the matter of the equalization of taxes, and, although it is an inferior tribunal, every presumption exists in favor of the regularity of its proceedings after it has once acquired jurisdiction: *Thompson* v. *Multnomah County*, 2 Or. 34; Brown, Jurisdiction, § 20; *Cent. Pac. R. R. Co.* v. *Placer County*, 32 Cal. 582. The record in this case recites that the correction in

the assessment of plaintiff was made after hearing and considering testimony, and in the absense of an affirmative showing in the record to the contrary, it must be presumed that such testimony was competent and relevant to the question then before the board.

It follows that the judgment of the court below must be REVERSED, and the proceedings of the board of equalization affirmed.