Argued October 14; decided December 2, 1895.

## TYLER *v.* STATE.
### [42 Pac. 518.]

RECORD OF JUSTICE'S COURT—TESTIMONY—WRIT OF REVIEW—CODE, §§ 587–2054.—The testimony of witnesses in criminal trials before a justice of the peace is not part of the "record" in such cases, (Hill's Code, § 2054,) and hence is not part of the "certified copy of the record" that a justice attaches to a writ of review as his answer: Code, § 587

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This is a proceeding to review the judgment of a justice's court. The record shows that a verified complaint was filed in the office of the justice of the peace of South Portland District, Multnomah County, charging Alfred Tyler with the crime of defacing a building not his own, and, a warrant being issued thereon, he was arrested and taken before the justice, who read the complaint to him, to which he entered a plea of not guilty. The issue being thus joined, a trial was had, at which Tyler, after the state had introduced its evidence and rested, moved the court to

dismiss the action and discharge him, but the court overruled the motion, found him guilty as charged, and imposed upon him a fine of ten dollars. Thereupon he filed in the circuit court of said county his petition, in which he purported to set out the substance of the evidence given at the trial by the witnesses for the state, alleging as errors of law the overruling of said motion, and the imposition of the fine, and praying that a writ might issue to review the judgment of the justice's court. A writ of review having been issued and directed to the justice, that officer returned it to the circuit court with a certified copy of the record annexed thereto, and also made the following certificate: "In response to the allegations as to the evidence rendered on the trial of the above entitled action, contained in the petition of Alfred Tyler for a writ of review, I have to state that the evidence given at the trial, or any part thereof, is not part of the record of this court; that the evidence was not written out or in any manner preserved, nor was any request made by defendant or his attorney to extend or preserve the evidence, or make the evidence a part of the record; that to the best of my recollection the testimony set out in the petition of Alfred Tyler is not a full or correct statement of the testimony introduced by the state on said trial; that I have no means of certifying to the evidence rendered at such trial." On the return of the writ, Tyler moved the court for an order requiring the justice to make a more full and complete return thereto, by stating and certifying to the evidence taken before him, which motion having been overruled, the writ was dismissed, and the judgment of the justice's court affirmed, and from the judgment so rendered he appeals.      AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Sidney Dell.*

For the state there was a brief by *Messrs. George E. Chamberlain,* attorney-general, and *Wilson T. Hume,* district attorney, and an oral argument by *Mr. John H. Hall.*

Per Curiam. It is contended by the plaintiff that there was an entire absence of proof in the justice's court of the commission by him of the crime charged, and hence the finding of that court that he was guilty thereof is erroneous as a matter of law. The statute, in substance, provides that the writ of review shall be directed to the court whose decision is sought to be reviewed, requiring it to return said writ to the circuit court with a certified copy of the record in question annexed thereto: Hill's Code, § 587. Section 2054 provides that "the records and files of a justice's court are the docket and all papers and process filed in or returned to such court, concerning or belonging to any proceeding authorized to be had or taken therein, or before the justice of the peace who holds such court." The statute nowhere requires the justice to reduce the testimony of witnesses to writing in criminal trials before him as such justice, and hence the evidence taken in a justice's court on the trial of a criminal action is no part of the record. In *Becker v. Malheur County,* 24 Or. 217, (33 Pac. 543,) the plaintiff sought to review an order of the board of equalization in the matter of correcting his assessment. The record did not contain the evidence on which the order was founded, but it was held that it must be presumed to have been sufficient to authorize the board to make the order, and the writ was dismissed. Bean, J., in deciding the case, says: "It thus appears that the only

question on this appeal is whether the proceedings of a board of equalization, after it has acquired jurisdiction of the taxpayer, will be set aside and annulled on writ of review because the record does not contain the evidence on which its findings of fact were based. There is no provision of law, of which we are aware, making it the duty of the board to reduce to writing or preserve the evidence before it in the matter of the equalization of taxes, and, although it is an inferior tribunal, every presumption exists in favor of the regularity of its proceedings after it has once acquired jurisdiction." In the case at bar, the evidence taken at the trial being no part of the record, it must be presumed to have been sufficient to warrant the conviction; and as the writ of review brings up from an inferior court only the record upon which the court issuing the writ tries the question of jurisdiction and errors affecting the proceedings, (*Road Company* v. *Douglas County,* 5 Or. 406; S. C. 6 Or. 300; *Barton* v. *La Grande,* 17 Or. 577, 22 Pac. 111; *Smith* v. *City of Portland,* 25 Or. 297, 35 Pac. 665,) and it appearing from such record that the justice's court had jurisdiction of both the party to and subject-matter of the action, it follows that the circuit court committed no error in dismissing the writ, and hence the judgment is affirmed.                                          AFFIRMED.