Decided at PENDLETON, 13 August, 1898.

## FRENCH *v.* HARNEY COUNTY.

[ 54 Pac. 211 ]

WHEN COUNTY COURT CAN CHANGE ASSESSMENT ROLL.—A county court has authority only to complete unfinished matters pending before the county board of equalization at the time of its adjournment; it has no power to change an assessment *sua sponte*.

WRIT OF REVIEW — RECORD.— Questions presented by a writ of review must be determined on the record as made by the inferior tribunal; if such record is incorrect it should have been corrected before being certified up.

From Harney: MORTON D. CLIFFORD, Judge.

Proceeding by Peter French against Harney County, its judge and commissioners to review the proceeding of

the county court changing an assessment. From an order dismissing his writ petitioner appeals.

REVERSED.

For appellant there was a brief over the names of *Thornton Williams* and *Jas. A. Fee*, with an oral argument by *Mr. Fee*.

For respondents there was a brief over the names of *Chas. W. Parrish*, district attorney, and *King & Saxton*, with an oral argument by *Mr. Parrish*.

MR. JUSTICE BEAN delivered the opinion.

On October 10, 1896, the board of equalization of Harney County, being then in regular session, directed the county clerk to issue a citation to the plaintiff, requiring him to appear before the county court at its next term, and show cause why his assessment of 8,000 head of cattle, valued at $80,000, should not be raised to 15,000 head, of the value of $150,000. Thereafter, and on the same day, it caused to be entered in its record the following order : " In the Matter of the Assessment Roll for the Year 1896. Now, at this time, the board of equalization having completed its labors, examined the assessment roll for the year 1896, and equalized the assessments therein, it was ordered that the board adjourn without day." On October 17th the county clerk issued a citation to the plaintiff, requiring him to appear in the county court on Monday, November 4, 1896, and show cause, if any, why his assessment should not be increased in the respect mentioned in the order of the board, in obedience to which he appeared ; and after a hearing the county court found and determined that he was in fact the owner of 12,000 head of cattle in the county, liable

to assessment, and increased his assessment accordingly. To reverse and annul such order this proceeding was instituted and, it having been dismissed by the circuit court, the plaintiff appeals. His contention is that the county court was without jurisdiction to make the order increasing his assessment, because the board of equalization had, as its records affirmatively show, completed the examination and correction of the assessment roll, and equalized the assessment thereon, before its final adjournment.

By section 2778 of the Code, the judge, clerk, and assessor of the several counties of the state are made to constitute a board of equalization, "with power to examine and correct the assessment roll of their respective counties and to increase or reduce the valuation of property assessed"; and such board is required by section 2781 to continue its sittings from day to day until such examination and correction shall be completed, but, if it cannot be done "within the week in which the board is required to meet, it shall be the duty of the county court, at its next term thereafter, sitting for the transaction of county business, to complete such examination and correction in the same manner and with like effect as the board of equalization is required to do." It clearly appears from these provisions that the primary tribunal, created and constituted by law with power to "increase or reduce the valuation of property assessed," as it appears on the assessment roll, is the board of equalization, and it is only when the board is unable to complete such work within the week in which it is required to meet that the county court has any power or jurisdiction over the matter. It is not authorized or empowered to revise or review the action of the board of equalization, or to change the value of property assessed, as corrected or approved by such board. It is only when the board

has been unable to act within the specified time that the county court has jurisdiction, and then only for the purpose of taking up the unfinished work and completing it. It necessarily follows from these views that the action of the county court in increasing the plaintiff's assessment was absolutely null and void because the examination and correction of the assessment roll were fully completed before the final adjournment of the board of equalization, and therefore the court had no power or jurisdiction over the subject matter.

But it is argued that the order of the board of equalization directing the clerk to issue a citation to the plaintiff, requiring him to appear before the county court at the next term thereof, and show cause why his assessment should not be increased, indicates a purpose not to equalize the assessment of plaintiff. There might be some force in this position if the board had not subsequently entered an order reciting that it had completed its labors, examined the assessment roll, and equalized the assessments therein. This affirmative recital, subsequently made, will manifestly overcome a mere inference which might be drawn from some previous orders. It was sought also to show at the hearing of the review proceedings in the circuit court, by the affidavit of the county clerk, that the records of the board of equalization in this regard are untrue, and that in fact plaintiff's assessment was never equalized by the board. But it is a familiar principle that questions presented by a writ of review must be tried by the record of the inferior tribunal whose proceedings are sought to be reviewed, and that such records cannot be contradicted at the trial. If the record, reciting that the board had completed its work, and examined the assessment roll and equalized the assessment therein, is in fact incorrect, it should have been amended in a proper manner before it was sent up

in obedience to the writ.   It cannot be done at the hearing.   It follows from these views that the judgment of the court below must be reversed, and the cause remanded, with directions to vacate and annul the order of the county court increasing the plaintiff's assessment.

REVERSED.

Decided 15 August, 1898.