## CUSITER *v.* CITY OF SILVERTON.

93 Pac. 234.

REVIEW—RETURN—CONCLUSIVENESS—JURY LIST.

1. The return on a writ of review to review judicial proceedings is conclusive as to the facts. The return on a writ of review to review proceedings of the recorder's court of a city on a trial for the violation of a municipal ordinance, showed that accused demanded a jury, and that, the court having no list of jurors in accordance with Section 2251 *et seq.,* B. & C. Comp., ordered an officer to select jurors, and that accused objected to that manner of selecting a jury, and filed a motion that a jury be selected from the jury list. *Held* to show that accused, at the time of his demand for a jury, had the right, as expressly authorized by Section 2257, B. & C. Comp., to demand a jury from the jury list, and the court could not direct an officer to select a jury.

JURY—SELECTION—JUSTICES' COURTS.

2. Where a party, as authorized by Section 2257, B. & C. Comp., demands a jury selected from the jury list, provided for by Section 2251 *et seq.,* the court cannot, over the objections of such party, direct an officer to summon a jury as authorized by sections 2221 and 2222, though the court has no jury list.

APPEAL—NEW TRIAL—EXCEEDING JURISDICTION—MISTRIAL.

3. Where the error of the court on a prosecution for the violation of a municipal ordinance resulted from exceeding its jurisdiction in directing an officer to summon a jury, notwithstanding the demand of accused for a jury from the jury list, the error amounted to a mistrial only, and the cause, after conviction, must be remanded for new trial.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. COMMISSIONER SLATER.

This action was brought to review the proceedings of the Recorder's Court of the City of Silverton, wherein the petitioner was charged with the violation of an ordinance to prevent the obstruction of streets and to prohibit throwing rub-

bish into streets, and imposing a fine for a violation thereof. It is averred in the petition that the complaint was made and filed on November 21, 1906; that on that date plaintiff was arrested and entered a plea of not guilty, whereupon the trial was set for December 10, 1906; that it was then continued until December 15, 1906, at the hour of 10 o'clock a. m., at which time plaintiff demanded a trial by jury and deposited the required jury fee, and also demanded that a jury be selected from the regular jury list, and be drawn from the jury box of said court; that the court denied plaintiff's demand for a selected jury, but issued an order to the city marshal to summon six citizens of the City of Silverton as jurors in said cause, which he did. Whereupon plaintiff filed written objections to the trial of the cause by the jury so drawn, and objected to each and every member of the jury for reasons particularly specified and set forth. Notwithstanding his objections, plaintiff was tried before the jury thus drawn, convicted of the charge, and sentenced by the court to pay a fine of $10 and the costs of the action. Upon the return to the writ being filed, defendants herein filed a motion to dismiss the writ and affirm the proceedings of the trial court, but also asked that, in the event the court should be of the opinion that the recorder's court exceeded its jurisdiction in refusing plaintiff's request for a selected jury, the cause be remanded to the lower court, with directions to allow plaintiff's request. Upon the hearing the circuit court denied defendant's motion, sustained the petition, and set aside the judgment, but made no order remanding the cause for further proceedings. From this judgment, defendants appeal.                    MODIFIED.

The case was submitted on briefs, under the proviso of Rule 16: 35 Or. 587, 600.

For appellant there was a brief over the name of *Mr. George G. Bingham.*

For respondent there was a brief over the names of *Mr. L. H. McMahan* and *Mr. J. E. Hammond.*

Opinion by Mr. Commissioner Slater.

The invalidity of the judgment is based upon the charge that plaintiff was tried, over his objection, before a jury summoned by the officer of the court, instead of being drawn and selected from the regular jury list, as demanded by him. The charter of the City of Silverton provides, in substance, that the city recorder shall be *ex officio* police judge, and the judicial officer of the corporation, and shall hold court, which shall be known as "police court"; that he shall have jurisdiction of all crimes defined by ordinance, and the jurisdiction and authority of a justice of the peace, and he shall be subject to the general laws prescribing the duties of justices of the peace; that in all criminal cases before him, including all violation of city ordinances, he shall be governed by the general laws of the State governing justices of the peace in similar cases, but in the proceedings for violation of city ordinances the trial shall be without a jury, unless the defendant, on demanding a jury, shall deposit a sum sufficient to pay the per diem for the jury for one day. The general laws governing trials and proceedings in criminal actions in justices' courts provide that upon a plea other than a plea of guilty, if the defendant does not then demand a trial by jury, the justice must proceed to try the issue (Section 2270, B. & C. Comp.), and, if a trial by jury be demanded, a jury must be selected and summoned as in a civil action in a justice's court (Section 2271, B. & C. Comp.).

In Chapter 5, Title XX, B. & C. Comp., relating to actions and proceedings in justices' courts in civil actions, it is found that each justice is required to have a jury list to be made by him on the first Monday in each year in the particular manner therein stated, from which juries are to be drawn for one year and until another list is selected; but, if for any reason the making of the jury list is omitted and neglected at the time designated, the same may be done on the first Monday of any month following, to serve until the close of the year and until another is made. The justice is also required to keep a jury box, in which is to be placed separate ballots containing the

name of each person on the jury list. When a right to a selected jury is established, it is to be drawn from this jury box; but Section 2257, B. & C. Comp., provides that

"* * When a jury is demanded in a justice's court, instead of being selected by the officer as provided in Chapter 6 of this act, such jury must be drawn and selected from the jury list of the precinct if either party require it."

That section is a part of the original justice's act of 1864, and Chapter 6 thereof, referred to in this section, provides another and different mode of obtaining a jury by it being selected by an officer on the order of the court, as was done in the case now under review. That chapter, however, was repealed by act of February 17, 1899 (Laws 1899, p. 119); but those provisions relating to the summoning of a jury by an officer were re-enacted by the repealing act and now appear as Sections 2221-2222, in Chapter 3 of the Justice's Code (B. & C. Comp. §§ 2221-2222).

1. It is contended by appellants that, to entitle a party to a selected jury, he must not only demand. a jury, but, by the provisions of Section 2257, B. & C. Comp., must also at the same time demand that it be drawn and selected from the jury list of the precinct; and the respondent seems to concede that to be the law. Appellants also contend that the demand of defendant, in the action for a selected jury, was not in time, because it is claimed it was not made by him when he demanded a jury, but after the jury chosen and summoned by the officer had appeared. This claim is resisted by the plaintiff in the writ, who asserts that his demand for a selected jury was made at the time he demanded the jury. This issue must be determined by the return on the writ, which is conclusive. It contains a transcript of the orders of the court and minutes of the trial, which substantially confirm the averments of the petition. It appears therefrom that on December 15, 1906, at the hour of 7 p. m., the time set for the trial, defendant demanded a jury trial and deposited with the court the required amount as jury fee. Immediately succeeding the entry of this fact is the following:

"The court had no selected list of jurors in a jury box in accordance with Sections 2251, 2252, 2253, 2254, 2255 or 2256 of said code, or otherwise, or at all. Whereupon the court issued an order to the chief of police of the City of Silverton, directing him to select six men, or a greater number, if any of those already selected should be rejected."

Then follows a full copy of the order of the court, by the terms of which the jurors were to appear "at the hour of 7 p. m. of this day," which order was dated December 15, 1906. After this entry there is recorded the return of the officer, which is without date. Then follows this entry:

"The defendant objected and protested against the above manner of selecting a jury, and filed his motion that a jury be drawn from a selected list of jurors and from a jury box, as required by Sections 2251, 2252, 2253, 2254, 2255 or 2256 of the statutes of the State of Oregon."

After overruling of defendant's motion, it is stated in the record that defendant filed his written objections, which are of the same import and are set out in full.

The record shows conclusively both a demand for a jury and for one selected from a jury list; but, because the entry of the order to the officer and his return thereon intervene between the record of the defendant's demand for a jury and for a selected jury, the conclusion is sought to be drawn that such demands were made at different times, and the latter one after the jury summoned by the officer had appeared. But the order in which these entries have been made is not conclusive that the facts evidenced by them occurred in that order, unless it were so stated in the record. A justice's record is not made in the precise and formal way and with such accuracy as that of a court of record. There is nothing affirmatively stated in this record to indicate at what precise relative time of the proceedings of that session of the court the above objections and protests of defendant and his demand for a selected jury were in fact made with reference to the other noted or recorded events of that evening. But the subject-matter of the entry would indicate that his demand for a selected jury must have preceded in time the order of the court to its officer to bring in

a jury, and was coincident with his demand for a jury. If this is not the fact, why is it that the court thought it necessary to state in the record, as it did, that the reason for directing the officer to bring in a jury was that the court had no selected list of jurors in a jury box in accordance with certain sections of the code? Is the court not there arguing against the right of a selected jury? The sections of the code there enumerated, being the same sections enumerated by defendant in his demand for a selected jury and recorded later on, is also of some significance. The reason for this entry and its contents can be explained only upon the theory that a previous demand had been made by the defendant for a selected jury, as well as for a jury, but for want of a proper list, that part of defendant's demand could not, in the opinion of the court, be allowed, whereupon, it is recorded, he issued the order to the officer.

2. The fact that the trial court had no precinct jury list from which a jury may be drawn, is not a valid reason for denying a proper demand by a party to the action for a selected jury. The statute gives that right to a defendant when he makes a proper demand, and the neglect of the court to have a precinct jury list for the convenience of the court in summoning a jury by its officer cannot serve to take away that right. It seems to have been conceded by the court that the defendant in the action was at least entitled to trial by a jury; and, if he were entitled to a jury at all and made the proper demand for a selected jury, which we think the record shows, he was entitled to have it selected as the law provided, and he could not be legally compelled, over his objections, to go to trial before a jury selected by the officer. The trial court, therefore, exceeded its jurisdiction in that respect, and the circuit court committed no error in setting the judgment aside.

3. The error of the trial court, however, was to the extent only of exceeding its jurisdiction in a particular matter of its procedure in the course of the trial of a cause of which it had jurisdiction as to the subject-matter as well as of the person of the defendant therein, and amounts to a mistrial. For this reason the judgment appealed from should be modified, and the

cause remanded to the lower court, with instructions to remand to the trial court, with directions to set aside the judgment and take such other and further proceedings therein as may be proper. The petitioner should recover costs in this court.

MODIFIED.

---

Decided 16 January, rehearing denied 24 March, 1908.