Argued January 7, decided February 2, 1909.

## CURRAN v. STATE.

[99 Pac. 420.]

CERTIORARI—WRIT OF REVIEW—QUESTIONS REVIEWABLE.

1. A writ of review presents questions of law alone arising on the record of the inferior tribunal, and such record, though false, cannot be contradicted on re-examination by the reviewing court.

CRIMINAL LAW — PLEA OF GUILTY — WITHDRAWAL — DISCRETION OF COURT—REVIEW.

2. Under Section 1369, B. & C. Comp., providing that the court "may at any time before judgment on a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted therefor," the question whether accused may withdraw his plea of guilty and interpose a plea of not guilty, rests in the judicial discretion of the trial court, which will not be disturbed on writ of review unless abused.

CERTIORARI—"WRIT OF REVIEW"—NATURE OF PROCEEDING.

3. The writ of review granted by a court of superior authority or by a judge thereof on petition, which, as provided by Section 596, B. & C. Comp., describes with certainty the judicial functions claimed to have been exercised to the substantial injury of plaintiff's right, and which sets forth the errors alleged to have been committed, is substantially the common-law remedy of *certiorari*.

CERTIORARI—WRIT OF REVIEW—PROCEEDINGS—"RETURN."

4. The cause on a writ of review is tried on the return to the writ, which consists of an authenticated copy of the record of the inferior court, from an

examination of which it is to be determined whether in the exercise of judicial functions jurisdiction has been exceeded or such functions have been exercised erroneously, and, when the writ of review has been issued, the petition initiating the proceedings has performed its office, except possibly that reference may be made to it to ascertain the errors assigned.

CERTIORARI—WRIT OF REVIEW—PROCEEDINGS—RETURN.

5. To determine whether an inferior tribunal has exceeded its jurisdiction or exercised its functions erroneously, the record of its proceedings sent up in obedience to the commands of the writ of review affords the only evidence necessary to be examined.

CRIMINAL LAW—DENIAL OF LEAVE TO WITHDRAW PLEA OF GUILTY—REVIEW.

6. To authorize the court on a writ of review to determine whether the lower court abused its discretion in refusing to permit accused to withdraw the plea of guilty and enter a plea of not guilty, it is essential that the motion to change the plea should be supplemented by the affidavit of accused that he is not guilty of the crime charged, or such other facts as are relied on by him, copies of which sworn statements can be sent up with the return for re-examination.

CERTIORARI—WRIT OF REVIEW—QUESTIONS REVIEWABLE.

7. The court on a writ of review will not consider evidence outside the record, unless it was submitted to the inferior tribunal previous to its decision, and where no affidavits were filed in the lower court in support of the motion, and the reasons for such change were merely stated under oath in the petition for the writ, the question of abuse of discretion was not raised.

From Linn: WILLIAM GALLOWAY, Judge.

This is a special proceeding to review a judgment convicting Charles Curran, for an alleged violation of the local option liquor law, and upon conviction thereof he was adjudged to pay a fine of $100 and costs. From an order dismissing the proceedings, petitioner, Charles Curran, appeals.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John J. Whitney*.

For the State there was a brief over the names of *Mr. John H. McNary*, District Attorney, and *Mr. Gail S. Hill*, Deputy District Attorney, with an oral argument by *Mr. Hill*.

Opinion by MR. CHIEF JUSTICE MOORE.

This is a special proceeding to review the judgment of an inferior court. The petition for the writ sets forth the facts relating to the commencement of a criminal

action in a justice's court for Linn County against the plaintiff herein, Charles Curran, for an alleged violation of the local option liquor law, and states that upon conviction thereof he was adjudged to pay a fine of $100 and the costs incurred in the prosecution. The petition contains certain assertions in relation to the plea of guilty that was entered, sets forth the reasons for interposing such confession, states the failure of the plaintiff to realize the expectations that he entertained, and assigns the errors relied upon for setting aside the judgment. The writ of review having been issued, the return thereto shows that a plea of guilty, as charged, was entered, but, before judgment was rendered thereon, the plaintiff's counsel moved to withdraw such plea and to enter a plea of not guilty. This motion was denied, and sentence pronounced as hereinbefore stated. The circuit court for that county, based on the transcript sent up to it, dismissed the proceedings, and from the latter judgment the plaintiff appeals to this court.

1. It is contended that the plea of guilty was put in by plaintiff's counsel, who was powerless thus to bind his client, that no valid judgment could be rendered upon a plea so interposed, and, such being the case, an error was committed in dismissing the proceedings. The Code of Criminal Procedure, applicable to the practice in the circuit courts, contains a clause as follows:

"A plea of guilty must in all cases be put in by the defendant in person, in open court." Section 1368, B. & C. Comp.

The statute regulating the practice in other tribunals, so far as material herein, is as follows:

"A criminal action in a justice's court is commenced and proceeded in to final determination, and the judgment therein enforced, in the manner provided in the Code of Criminal Procedure, except as in this title otherwise specially provided." Section 2263, B. & C. Comp.

The complaint is to be deemed an indictment. Section 2265, B. & C. Comp. When the defendant is brought

before the justice, the complaint must be read to him, and he must be required to plead thereto. Section 2268, B. & C. Comp. The defendant may plead the same plea as upon an indictment. His plea must be oral, and entered in the docket. Section 2269, B. & C. Comp. The return to the writ of review contains a transcript of the justice's docket, an entry of which, purporting to have been made October 9, 1907, in the case of the State of Oregon, plaintiff, against Charles Curran, defendant, is as follows:

"Defendant appeared in person, as well as by J. J. Whitney, his attorney, the State of Oregon appearing by Gale S. Hill, deputy district attorney, and the defendant pleads guilty to the crime charged in the complaint, and by consent the court fixes October 11, 1907, at 1 P. M., for pronouncing judgment against said defendant."

It affirmatively appears from such recital that the plea was interposed by Curran himself, and, as a writ of review presents questions of law alone arising on the record of the inferior tribunal, if such record be false, it cannot be contradicted on re-examination by the reviewing court. *French* v. *Harney County*, 33 Or. 418, 421 (54 Pac. 211).

2. It is insisted that an error was committed by the justice's court in refusing to permit the plea of guilty to be withdrawn and in substituting therefor a plea of not guilty; and, this being so, the circuit court erred in dismissing the proceedings. The statute, regulating the setting aside of a plea in the nature of a confession, is as follows:

"The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted therefor." Section 1369, B. & C. Comp.

This enactment probably grew out of the principles of the common law upon that subject, for in 2 Hawkins' Pleas, Crown, 466, it is said:

"And where a person upon his arraignment actually confesses himself guilty, or unadvisedly discloses the

special manner of the fact, supposing that it doth not amount to felony, where it doth, yet the judges, upon probable circumstances, that such confession may proceed from fear, menance, or duress, or from weakness or ignorance, may refuse to record such confession, and suffer the party to plead not guilty."

The absolute right of a party, after pleading guilty to a criminal charge, to withdraw such admission and to interpose a plea of not guilty, is generally denied; the rule being that the determination of the question rests in the judicial discretion of the trial court. 12 Cyc. 350; Wharton, Crim. Pl. & Pr. (8 ed.), § 414; *People* v. *Lee,* 17 Cal. 76; *Morton* v. *People,* 47 Ill. 468. Whether a plea of guilty can be withdrawn after judgment has been rendered thereon seems to be a controverted question; but, as supporting the doctrine, see the case of *Gardner* v. *People,* 106 Ill. 76, where no reference is made to any statute, and also *Sanders* v. *State,* 85 Ind. 318 (44 Am. Rep. 29), where the rules of the common law were invoked to justify the relief granted.

3. The question sought to be presented by this appeal is: Did the justice's court in denying the motion to withdraw the plea of guilty and to substitute therefor a plea of not guilty abuse its discretion? As a preliminary matter, however, attention will be called to the procedure invoked for that purpose. The writ of review, which is substantially the common-law remedy by *certiorari,* is granted by a court of superior authority or by a judge thereof, upon petition which must describe with certainty the judicial functions claimed to have been exercised to the substantial injury of the plaintiff's right, and which must set forth the errors alleged to have been committed. Section 596, B. & C. Comp.

4. In *McDowell* v. *Turney,* 5 Sneed, 225, Mr. Justice HARRIS, in speaking of the application for a writ of *certiorari,* says: "The office of the petition is to bring to the notice of the court the grounds upon which the party seeks relief from the judgment or execution com-

plained of, and to obtain the writ prayed for." In review proceedings the cause is tried upon the return to the writ, which consists of a duly authenticated copy of the record of the inferior court, officer, or tribunal, from an examination of which it is to be determined whether or not in the exercise of judicial functions jurisdiction appears to have been exceeded or that such functions seem to have been exercised erroneously. When the writ of review has been issued, the petition which initiated the proceedings has performed the office for which it was interposed, and thereafter ceases to be operative for any purpose, except, possibly, that reference may be had to it, to ascertain the errors assigned.

5. In order to determine whether an inferior tribunal has exceeded its jurisdiction or exercised its functions erroneously, the record of its proceedings sent up in obedience to the commands of the writ of review affords the only evidence necessary to be examined. *Barton* v. *La Grande,* 17 Or. 577 (22 Pac. 111) ; *Becker* v. *Malheur County,* 24 Or. 217 (33 Pac. 543) ; *Tyler* v. *Smith,* 28 Or. 238 (42 Pac. 518) ; *French* v. *Harney County,* 33 Or. 418 (54 Pac. 211).

6. In the case of *In re Public Road of Upper Macungie Township,* 2 Wkly. Notes Cas. 661, it was ruled by the Supreme Court of Pennsylvania that a *certiorari* in a road case did not bring up for review affidavits relative to matters before the inferior court upon exceptions. If it be assumed, however, that upon a review proceeding the evidence submitted in the inferior court will be examined, it is essential in determining whether or not judicial discretion has been abused by refusing to permit the plea of guilty to be withdrawn and a plea of not guilty to be substituted therefor that the motion interposed for that purpose should be supplemented by the affidavit of the accused party, to the effect that he is not guilty of the crime charged (*Mastronada* v. *State,* 60 Miss. 86), or such other facts as are relied upon by

him, copies of which sworn statements can be sent up with the return for re-examination by the court of superior jurisdiction.

7. In review proceedings evidence outside the record will not be considered unless it was submitted to the inferior tribunal previous to its decision. *Philadelphia & Trenton Ry. Co.*, 6 Whart. (Pa.) 25 (36 Am. Dec. 202); *Road in Moore Township*, 17 Pa. 116; *Road in Allen Township*, 18 Pa. 463. No affidavits appear to have been filed in the justice's court in support of the motion to change the plea. Reasons for such change are stated under oath in the petition; but, as the application for the writ does not appear to have been submitted to, or considered by, the justice's court previous to its decision, the affirmations set forth in the petition are insufficient to raise the question of an abuse of discretion.

No error having been committed by the circuit court in dismissing the proceedings, its judgment is affirmed.

. AFFIRMED.

