Argued December 29, decided February 9, 1909.

## RAPER v. DUNN.

[99 Pac. 889.]

WORDS AND PHRASES—"PARTY."

1. A party to an action or suit is one who is directly interested in the subject-matter in issue, who has a right to make a defense, control the proceedings, or appeal from the judgment.

CERTIORARI—"WRIT OF REVIEW"—"PETITION"—PURPOSE—ESSENTIALS.

2. The purpose of a petition for a writ of review is to show *prima facie* from an inspection thereof that the inferior court or tribunal acted without jurisdiction or has exercised its functions erroneously; and hence it must state every fact bearing upon the errors claimed, that from an inspection thereof, assuming the facts stated to be true, the court can say there was error upon which to issue the writ.

CERTIORARI—WRIT OF REVIEW—RECORD.

3. When a writ of review is issued and return made, the court must look to the record contained therein to determine whether any of the errors assigned are well taken, and will not try any questions not disclosed by the record as entered by the return, and hence under Section 595, B. & C. Comp., providing that any party to a process or proceeding before or by an inferior court, etc., may have the decision thereof reviewed for errors therein, the writ was properly dismissed where the record did not disclose that the petitioner was an interested party, though the petition for the writ showed that fact.

From Gilliam: EDWIN V. LITTLEFIELD, Judge.

Petition by G. W. Raper for a writ of review against Edward Dunn, as County Judge, and B. T. Snell and J. W. Dyer, County Commissioners of Gilliam County, Oregon. From an order dismissing the writ, the petitioner appeals.     AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. William H. Wilson* and *Mr. D. R. Parker.*

For respondents there was a brief over the names of *Mr. J. E. Burdett,* District Attorney, *Messrs. Bowerman & Butler,* and *Messrs. Huntington & Wilson,* with oral arguments by *Mr. Burdett, Mr. Jay Bowerman* and *Mr. Hollis S. Wilson.*

Opinion by MR. COMMISSIONER KING.

This is an appeal from an order of the circuit court for Gilliam County dismissing a writ of review taken for the purpose of testing the effect upon the local option law of a section of the charter of Condon, purporting to exempt that place from the operation of the general law of the State adopted through the initiative, concerning the sale or disposition of intoxicating liquors in that county.

It appears that at the general election in June, 1908, pursuant to an order properly entered, a vote was taken on whether the sale of intoxicating liquors should be prohibited in Gilliam County, in which Condon is situated, resulting in a declaration for prohibition by a majority of 36 votes, pursuant to which an order was by the county court duly made declaring the result thereof, and prohibiting the sale of intoxicating liquors in the county except for medical purposes, etc. The validity of such order is questioned by this proceeding.

1. It is first maintained that plaintiff has not invoked the proper remedy, which, if tenable, makes a consideration of the other points unnecessary, and not properly entitled to determination in this proceeding. Section 595, B. & C. Comp., provides:

"Any party to any process or proceeding before or by an inferior court, officer, or tribunal may have the decision or determination thereof reviewed for errors therein, as in this chapter prescribed, and not otherwise. * * "

The question then arises: Is the petitioner for the writ of review a party under the above provision? "A party to an action or suit is one who is directly interested

in the subject-matter in issue, who has a right to make a defense, control the proceedings, or appeal from the judgment." 6 Words & Ph., p. 5203; *United States* v. *Henderlong* (C. C.), 102 Fed. 2, 4; *Robbins* v. *Chicago City Ry. Co.,* 4 Wall. 657, 672 (18 L. Ed. 427); *Fox* v. *West,* 1 Idaho, 782.

2. The petition for the writ discloses:

"That the plaintiff herein has a license authorizing him to engage in the business of retailing liquor in the City of Condon, in said county and State, and to sell at retail all kinds of liquors mentioned in the charter of the City of Condon, * * and that the plaintiff has had the said license during all the times in this complaint mentioned."

But, in the absence of some interest disclosed by the return to the writ, is this sufficient for the purpose of this proceeding to indicate that the plaintiff is a party hereto? The purpose of a petition is to show *prima facie* from an inspection thereof that the inferior court or tribunal acted without jurisdiction, or has exercised its functions erroneously. *Southern Or. Co.* v. *Coos County,* 30 Or. 250 (47 Pac. 852); *School Dist.* v. *Irwin,* 34 Or. 431, 437 (56 Pac. 413). It must accordingly state sufficient facts bearing upon the errors claimed that from an inspection thereof, assuming the facts stated to be true, the court can say there was error upon which to issue the writ.

3. When, however, the writ is issued and return made, the court must look to the record contained therein to determine whether any of the errors assigned are well taken, and the court will not try any questions except such as are disclosed by the record presented by the return. *Curran* v. *State,* 53 Or. 154 (99 Pac. 420); *French* v. *Harney County,* 33 Or. 418 (54 Pac. 211); *Tyler* v. *State,* 28 Or. 238 (42 Pac. 518).

Assuming the statement quoted from the petition to be true, plaintiff would be an interested party, but noth-

ing appears in the record of the proceedings sought to be reviewed disclosing such interest; and, as stated, we must look to the record alone to determine whether plaintiff is a party to the proceeding. Had plaintiff appeared at the time or before the order declaring prohibition in Gilliam County was made, and the records disclosed this fact, he would have been an interested party; but there is nothing therein to indicate that he is an interested party any more than any taxpayer or citizen of the county might be deemed such; and he is accordingly not entitled to maintain the proceeding. In re Holden, 37 Minn. 362 (34 N. W. 336); Washington County Abst. Co. v. Stewart, 9 Idaho, 376 (74 Pac. 955).

The judgment of the court below must accordingly be affirmed.                                  AFFIRMED.