Argued February 10, decided March 9, 1909.

## GAY *v.* CITY OF EUGENE.

[100 Pac. 806.]

INTOXICATING LIQUORS—LOCAL OPTION LAWS—OPERATION.

1. Laws 1905, p. 41, effective June 24, 1904, providing that, upon the filing of a petition for an election in a county or subdivision thereof, to determine whether the sale of intoxicants shall be prohibited therein, an election must be ordered, and, if a majority are for prohibition, the county court must make an order prohibiting such sale, is not applicable to any particular locality until an election has been held and an order issued pursuant to a majority vote against the sale of intoxicants, and thereupon the statute attaches to the territory prescribed in the petition, and relates back to the time the act became effective.

CRIMINAL LAW—REVIEW—CERTIORARI—RETURN.

2. The return to a writ of review constitutes the only evidence of whether the inferior tribunal has exceeded its jurisdiction or acted erroneously, to the prejudice of plaintiff's substantial rights.

CRIMINAL LAW—JUDICIAL NOTICE—ADOPTION OF LOCAL OPTION LAW—
    NOTICE BY CIRCUIT COURT.

3. While if the local option law had been adopted in a county by ordinance of a city council, so that the recorder's court of the city must have taken cognizance thereof in a prosecution for violating a prohibition ordinance, on writ of review to the circuit court, to review the recorder's decision, the circuit court might have been bound by a knowledge of its adoption, yet, where the law was adopted by a majority vote and promulgated by an order of the county court, proof of its adoption in compliance with the statute was necessary, and the circuit court could not take judicial notice of its adoption.

53 OR.——10

CRIMINAL LAW—"JUDICIAL NOTICE"—NATURE.

4. Judicial notice is a species of evidence relating to facts of which courts are required to take cognizance without other proof. By the direct provisions of Section 720, B. & C. Comp., courts must take judicial notice of public acts of the legislature.

CRIMINAL LAW—JUDICIAL NOTICE—ELECTIONS—LOCAL ELECTIONS.

5. Courts will take judicial notice of general State elections, but not of special elections, unless their result is required by law to be made a matter of record in a court originally having jurisdiction of a cause involving such election.

JURY—JURY LIST—CITY RECORDER'S COURT.

6. Section 2251, B. & C. Comp., requires justices of the peace in each precinct on the first Monday in January of each year to have two freeholders select from the persons of the precinct a jury list for such precinct for the following year, and Eugene City Charter, c. 4 (Sp. Laws 1905, p. 246) § 18, makes proceedings in the recorder's court governed by the general laws governing justices' courts, except that an accused must demand a jury trial before witnesses are sworn, and give security for extra costs caused thereby. In a prosecution in the recorder's court for illegally selling intoxicants, accused demanded a trial by jurors selected from a list chosen for the purpose pursuant to the statute, making the requisite deposit, but, no such list having been made out, his application was denied, and a jury was selected by the city marshal from the body of the city. Held, that accused was entitled to a trial by a jury selected pursuant to Section 2251, as requested.

JURY—RIGHT TO JURY TRIAL—WAIVER OF ORDINANCE.

7. Though accused excepted to the denial of his motion for trial by jury selected in the manner jurors are selected in justices' courts, to which he was entitled, and objected to the manner in which they were chosen, if he afterwards accepted the jury impaneled, he waived his exceptions and his right to trial by a jury selected as provided by law.

CRIMINAL LAW—CERTIORARI—RETURN—CONCLUSIVENESS.

8. A recital in the return to a writ of review to the recorder's court of a city, that accused accepted the jury which was impaneled to try him, could not be contravened by a stipulation to the contrary filed in the circuit court; the record importing verity.

CRIMINAL LAW— CERTIORARI — REVIEW — PRESUMPTION — ORDINANCES — POWER TO ENACT.

9. Eugene City Charter, § 48, subd. 18 (Sp. Laws 1905, p. 252), empowering the city council to prohibit places where intoxicants are sold, it must be inferred that the power existed to adopt an ordinance pursuant thereto in 1907, where the return to a writ of review to the recorder's court of the city to review a conviction under the ordinance did not show that the authority to enact it had been withdrawn by the adoption of the local option law in that county, or otherwise.

From Lane: LAWRENCE T. HARRIS, Judge.

Writ of review by W. C. Gay against the City of Eugene to review a judgment of conviction in the recorder's court of defendant city. From a decree of the circuit court annulling the judgment of the recorder's court, the city appeals. Reversed and remanded, with directions to dismiss the writ.                REVERSED.

For appellant there was a brief and an oral argument by *Mr. S. D. Allen.*

For respondent there was a brief and an oral argument by *Mr. Lee M. Travis.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is a special proceeding to review a judgment of the recorder's court of the defendant, the City of Eugene, whereby the plaintiff, W. C. Gay, was sentenced to pay a fine for an alleged violation of an ordinance. The circuit court for Lane County, pursuant to a petition therefor, caused a writ of review to be issued in obedience to which the proceedings of the recorder's court were certified, and the return showed that on May 20, 1907, there was enacted by the common council of Eugene and approved by the mayor thereof ordinance No. 672, section 3 of which, so far as involved herein, is as follows:

"It shall be unlawful for any person, firm, company, or corporation to sell, barter, or give away to any person or persons whomsoever within the City of Eugene, any intoxicating liquor, provided, however, nothing herein contained shall prohibit the sale of pure alcohol for scientific or manufacturing purposes, or wines to church officials for sacramental purposes, nor alcoholic stimulants as medicine in cases of actual sickness. * * Nothing in this ordinance shall be construed to prevent one registered pharmacist selling such alcoholic liquors to another registered pharmacist; and every person, firm, company or corporation violating any of the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction thereof before the city recorder shall be punished by a fine," etc.

There was filed in the office of the city recorder of Eugene on July 1, 1907, a complaint charging the plaintiff herein with a violation of the provisions of the section quoted, but upon objection to the charge the action was dismissed, and two days thereafter there was filed in the same office another verified information, which, omitting the title of the court, of the cause, and of the ordinance, is as follows:

"W. C. Gay is accused by this complaint with the viola-
tion of section 3 of ordinance No. 672 of the City of
Eugene, entitled 'An ordinance * *' committed as follows:
That on the 25th of June, 1907, within the corporate
limits of the City of Eugene, and then and there being,
the said W. C. Gay did willfully and unlawfully sell for
beverage purposes to one J. D. Woodruff, for the price
of twenty-five cents, certain intoxicating liquors, to-wit:
one quart of beer, against the peace and dignity of the
said city and contrary to the ordinance in such case made
and provided.                              E. A. Farrington,
                                              "Complainant."

The defendant demurred to this formal charge, on the
ground that the court did not have jurisdiction of the
cause; that the complaint did not state facts sufficient to
constitute a crime; that it neither substantially complied
with the requirements of Chap. 7, Tit. 18, B. & C. Comp.,
nor disclaimed the provisions required to be negatived
in section 3 of ordinance No. 672; that such municipal
regulation is in conflict with the laws of Oregon, contra-
venes Section 9 of Article I of the organic law of the
State, and is therefore void. The demurrer having been
overruled, a plea of not guilty was put in and the defend-
ant, depositing with the city recorder the sum of money
required therefor, demanded a trial by jurors, to be
selected from a list of persons chosen for that purpose.
Section 2251, B. & C. Comp.; Sp. Laws Or. 1905, p. 246;
Charter of Eugene, § 18, chap. 4. No such list having
been made out, the application for a struck jury was
denied, whereupon the city marshal, pursuant to a writ
of venire, selected persons from the body of the city to
serve as jurors, six of whom were peremptorily chal-
lenged by the defendant. The record of the city recorder
immediately following the entry of the discharge of such
persons contains the following recital: "Counsel pro-
ceeded to examine jurors and accepted jury"—giving the
names of the persons so selected. The action was there-
upon tried in the recorder's court, and a verdict of guilty
returned, upon which the defendant was sentenced to

pay a fine of $200. To review such action he instituted these proceedings, and, based on the return to the writ, the judgment so rendered was annulled, the circuit court predicating its conclusion on the ground that ordinance No. 672 was passed after the local option law went into effect in Lane County, thereby depriving the common council of the City of Eugene of power to enact such regulation. From the latter judgment the defendant appeals to this court.

1. A careful examination of the return to the writ of review fails to show that any stipulation was entered into by counsel of the respective parties and filed in the recorder's court, or memorandum made therein from which it appears in the trial of the original action that the local option law was ever made specially applicable to Lane County or to the City of Eugene. The enactment mentioned (Laws Or. 1905, p. 41) provides generally that when a proper petition is filed demanding an election to be held in a county or subdivision thereof, or in an precinct therein, to determine whether the sale of intoxicating liquors shall be prohibited in that territory, such an election must be ordered; and, if a majority of the votes cast thereat be for prohibition, an order is required to be made by the county court declaring the result of the vote, and absolutely prohibiting the sale of intoxicating liquors within the prescribed limits, except for the purposes and under the regulations specified in the act. Though this law was enacted by the people of Oregon under the initiative power, June 6, 1904, and took effect generally in the entire State 18 days thereafter, pursuant to the Governor's proclamation, its provisions were not specially applicable to any particular locality until made so by a majority vote in favor of prohibition, cast at an election held for that purpose. When an order, based on the returns of an election held in conformity with the provisions of the local option law, is made by a county court, declaring the result of

such election and absolutely prohibiting the sale of intoxicating liquors, the statute which had theretofore been in the nature of a floating enactment attaches to the territory described in the petition and relates back to June 24, 1904, when the law was promulgated. *Hall* v. *Dunn,* 52 Or. 475 (97 Pac. 811).

2. In the absence of any recital in the record, can it be said that the city recorder took judicial notice of the adoption by Lane County of the local option law? The return to the writ of review affords the only evidence from a consideration of which it is to be determined whether or not the inferior tribunal, whose record is sent up for inspection, exceeded its jurisdiction or exercised its functions erroneously to the prejudice of some substantial right of the plaintiff. Section 597, B. & C. Comp.; *Tyler* v. *Smith,* 28 Or. 238 (42 Pac. 518); *French* v. *Harney County,* 33 Or. 418 (54 Pac. 211); *Curran* v. *State,* 53 Or. 154 (99 Pac. 420).

3. If the adoption of the local option law in that county had been effectuated by the passage of an ordinance by the common council of Eugene, so that the recorder of that city would have been obliged to take cognizance thereof, the circuit court might have been bound by a knowledge of the fact thus assumed. *Portland* v. *Yick,* 44 Or. 439 (75 Pac. 706: 102 Am. St. Rep. 633).

4. Judicial notice is a species of evidence, and without other proof, courts are required to take cognizance of certain facts, among which are the following:

"(3) Public acts of the legislative * * departments of this State." Section 720, B. & C. Comp.

Cognizance would probably be taken by the courts of Oregon of the passage by the people of the local option law June 6, 1904, for that statute may be classed as a public act by a legislative department. The adoption of the act by a majority vote of the electors of Lane County or of a subdivision thereof or of a precinct therein, depends upon a compliance with the conditions pre-

scribed, proof of which was necessary in all cases, except possibly in the county court of that county, which must have issued the order, if any existed, absolutely prohibiting the sale of intoxicating liquors.   Thus in the case of *Combs* v. *State,* 81 Ga. 780, 784 (8. S. E. 318), which was a prosecution under a local option law, it was held unnecessary for the State either to allege in the indictment or to prove at the trial that such law was operative in the county which, by a vote of the people, adopted it, and that the act was a public law, of which judicial notice would be taken, the court saying: "The law itself having provided that the result of the election should be placed upon the minutes of the superior court, and that that entry should be competent evidence to show when the act went into effect, and the judge below having these minutes before him, there was no error in his reading from said minutes and instructing the jury as a matter of law as to when the act went into effect."

5. Courts will take cognizance of general State elections (16 Cyc. 869), but it is usually held that they will not take judicial notice of special elections (17 Am. & Eng. Enc. Law (2 ed.) 898) unless the result of the latter is by law required to be made a matter of record in the court originally having jurisdiction of a clause involving the inquiry (*Combs* v. *State,* 81 Ga. 780: 8 S. E. 318).   As was said by Mr. Justice CLOPTON in *Grider* v. *Tally,* 77 Ala. 422 (54 Am. Rep. 65, 68) : "While we judicially know the act, commonly called the 'Local Option Law,' passed in 1875 (Acts 1874-75, p. 276), and that it is applicable to Jackson County, on demurrer to the bill of complaint, which does not aver, nor make any allusion to any proceedings under the act, we cannot take judicial notice that an election has been ordered and held as provided or of its result."   To the same effect, see *Whitman* v. *State,* 80 Md. 410 (31 Atl. 325). In *Savage* v. *Commonwealth,* 84 Va. 582 (5 S. E. 563),

and *Thomas* v. *Commonwealth,* 90 Va. 92 (17 South. 788), it was ruled, however, that judicial notice would be taken of districts voting against the granting of licenses; but we do not think the determination thus reached is controlling herein, since no reasons are there assigned for such conclusion. If any record was made in the recorder's court of the adoption by the voters of Lane County of the provisions of the local option law, the memorandum has been omitted from the transcript, and, if no such record was made, an error was committed by the circuit court for that county in assuming that such fact existed.

6. The plaintiff herein was entitled to a trial by a jury, to be selected in the manner indicated in his request, and authorized by the sections of the statute and of the charter of Eugene specified in his motion (*Cusiter* v. *Silverton,* 50 Or. 419: 93 Pac. 234).

7. The return to the writ of review, however, affirmatively shows that he waived that right by accepting the jury which was impaneled.

8. At the trial of this cause in the circuit court, the attorneys for the respective parties filed a written agreement, containing a clause to the effect that plaintiff's counsel excepted to the ruling of the recorder's court which denied the motion for a select jury, and also objected to the manner pursued in choosing them. This statement of fact can be true and consonant with the record, for the jury may have been accepted as detailed in the return after the plaintiff's counsel had objected to the manner of selecting them; and, if so, the previous exception to the ruling was rendered nugatory by the waiver. If, however, the stipulation purports to contravene the recital, the record imports verity, and cannot be impeached in this manner. *French* v. *Harney County,* 33 Or. 418 (54 Pac. 211); *Curran* v. *State,* 53 Or. 154 (99 Pac. 420). Had the stipulation been filed in the recorder's court at the time of the trial, it is possible

that a different conclusion might have been reached. In the condition of the record, however, the plaintiff is bound by the statement that his counsel accepted the jury that was impaneled.

9. Section 48, subd. 18, of the charter of Eugene (Sp. Laws 1905, p. 252), empowers the common council of that city "to * * prohibit barrooms, drinking shops, tipling houses * * and all places where spirituous, malt, vinous, or intoxicating liquors are sold." As it does not appear from the return that this authority has been withdrawn by the adoption of the local option in Lane County, or in any other manner, it must be inferred that such power existed when ordinance No. 672 was passed and approved.

Other exceptions are assigned, but, deeming them unimportant, the judgment is reversed and the cause remanded, with directions to dismiss the proceedings.

REVERSED.