Argued May 3, decided May 25; rehearing denied July 20, 1909.

### GARRISON v. MALHEUR COUNTY COURT.

[101 Pac. 900.]

CERTIORARI—WRIT OF REVIEW—INTERESTED PARTY—RECORD.

1. Writ of review to revise the action of the county court in making an order of prohibition following an election is properly dismissed; neither the petition nor the writ showing that petitioner appeared in the county court to oppose the order, and so not disclosing that he was an interested party.

CERTIORARI—WRIT OF REVIEW—DEFECT OF PARTIES—WAIVER.

2. Respondents, by making full return to the writ, without interposing any motion to quash or any demurrer on account of defect of parties, will not be held to have waived, and so to be precluded from raising the objection that the petitioner for writ of review was not shown to be an interested party, the statute making no provision for demurrer or motion to quash, but the inferior court having no alternative, when the writ issues, but to send up its return, whereof the hearing is on inspection of the writ and the return.

From Malheur:  GEORGE E. DAVIS, Judge.

Petition by Floyd Garrison for writ of review against B. C. Richardson and others, commissioners of Malheur County, constituting the county court thereof.   From an order of the circuit court dismissing the writ, petitioner appeals.

Statement by MR. JUSTICE MCBRIDE.

This is an appeal from a judgment of the circuit court for Malheur County dismissing the writ of review brought by appellant to revise the action of the county court of Malheur County in making an order of prohibition following the election of 1908.   As showing the right of appellant to the writ, it  is alleged that petitioner is a citizen, resident, taxpayer, and legal voter of the City of Vale, in Malheur County, Oregon, and that at the date of the order complained of he was engaged in the retail liquor business in said city, and pays an annual license of $600.   The other facts set forth in the petition are not necessary to a decision of this cause.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. George W. Hayes.*

For respondent there was a brief over the name of *Mr. John W. McCulloch,* District Attorney, with an oral argument by *Mr. Andrew M. Crawford,* Attorney General.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. Neither the petition for the writ nor the writ itself show that appellant ever appeared in the county court to oppose the order sought to be reviewed in the circuit court. Therefore he comes within the rule announced by this court in *Raper* v. *Dunn,* 53 Or. 203 (99 Pac. 889).

2. Counsel for appellant ingeniously argues that respondents, having made full return to the writ in the court below, without interposing any motion to quash or any demurrer on account of defect of parties, are precluded from raising that question, and will be held to have waived it. The practice at circuit in these particulars has been different in different courts and even in the same court has varied, according to the ideas of different attorneys. But the statute itself makes no provision for demurrer or motion to quash. When the writ issues, the inferior court has no alternative but to send up its return, and the hearing is then had upon inspection of the writ and the return, and no demurrer or motion is necessary.

This being our view of the case, the judgment of the circuit court will be affirmed.

AFFIRMED: REHEARING DENIED.