Argued March 29, decided April 19, 1910.

## CASTEL *v.* KLAMATH COUNTY.

[108 Pac. 129.]

CERTIORARI—WRIT OF REVIEW—INTERESTED PARTY—RECORD.

A writ of review to re-examine the action of the county court in making an order declaring the result of a county election regarding the prohibition of the sale of intoxicating liquors was properly dismissed, where the record showed that petitioners were not parties to the proceedings, nor appearing in the county court and resisting the order, and were, hence, no more interested than other citizens.

From Klamath: HENRY L. BENSON, Judge.

This is a special proceeding instituted by A. Castel and Kent Ballard for writ of review against Klamath County, J. B. Griffith, as county judge, Fred Melhase and Albert Walker, as county commissioners. From a judgment in favor of defendants, plaintiffs appeal. AFFIRMED.

For appellants there was a brief over the names of *Mr. F. H. Mills* and *Mr. A. A. Leavitt,* with an oral argument by *Mr. Mills*.

For respondents there was a brief and an oral argument by *Mr. Delmon V. Kuykendall,* Prosecuting Attorney.

Opinion by MR. CHIEF JUSTICE MOORE.

This is an appeal by the plaintiffs, A. Castel and Kent Ballard, from a judgment dismissing a special proceeding instituted to re-examine the action of the defendants, Klamath County, J. B. Griffith, as county judge, and Fred Melhase and Albert Walker, as county commissioners, constituting the county court, in making an order declaring the result of a county election held June 1, 1908, to determine whether or not the sale of intoxicating liquors as a beverage should be interdicted, and absolutely prohibiting the sale thereof within the prescribed limits, except for medicinal and other purposes allowed by statute.

The plaintiffs, as petitioners in the application for a writ of review, severally allege that he is a citizen taxpayer, and qualified elector of the city of Klamath Falls, in that county; that Castel is operating in that city a brewery, in which business he has invested about $10,000; that Ballard, pursuant to lawful authority, is engaged in conducting therein a licensed saloon; and that in consequence of the order complained of the plaintiffs have been deprived of valuable property rights without an opportunity of being heard respecting their several injuries in a court of competent jurisdiction. An examination of the transcript fails to show that either of the plaintiffs appeared in person or by counsel, in the county court of Klamath County during the consideration of the matter in question, or in any manner resisted the order, the making of which they seek to review. So far as appears from the return, which was made pursuant to the writ, neither

Castel nor Ballard was a party to the proceedings, and hence no more interested therein than any other citizen or taxpayer of the county, and for that reason is not entitled to a determination of his rights. *Raper* v. *Dunn*, 53 Or. 203 (99 Pac. 889) ; *Garrison* v. *Malheur County Court*, 54 Or. 269 (101 Pac. 900.)

Other objections are urged against the order of prohibition, on the ground that it is void. It is sufficient to say, however, that since this appeal was taken and perfected each question now presented has been determined adversely to the plaintiffs' contentions.

It follows that the judgment should be affirmed, and it is so ordered.                                   AFFIRMED.